## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                                      Bky. No. 18-50037

Brian A. Lerbakken,

        Debtor.

---

## MOTION OF SIELOFF & ASSOCIATES, P.A. OBJECTING
## TO DEBTOR'S CLAIM OF EXEMPT PROPERTY

---

1.      Sieloff and Associates, P.A. ("**Sieloff**") brings this motion and gives notice of hearing.

2.      A hearing on this Motion will be held before the Honorable Robert J. Kressel on May 15, 2018, at 9:30 a.m. in Courtroom 2, U.S. Courthouse, 515 West First Street, Duluth, Minnesota 55802 or as soon thereafter as counsel may be heard

3.      Any response to this Motion must be filed and delivered not later than May 10, 2018, which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays.  UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. 4003 and Local Rules 1070-1.  This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on January 23, 2018, and the case is now pending in this Court.

5.      This motion arises under 11 U.S.C. §522, Bankruptcy Rule 4003(b) and Local Rule 4003-1.  This motion is filed under Fed. R. Bankr. P. 9014 and Local Rule 9013-1.  Sieloff objects to the claim of exempt property of the Debtor, Brian A. Lerbakken ("**Debtor**"), in the

proceeds of his ex-wife's 401K account and IRA account, which the Debtor obtained through a property settlement in his marital dissolution proceeding, and moves for the disallowance of the claimed exemptions.

### Factual Background

6.      The Debtor retained Sieloff to represent him in his marital dissolution proceeding in Lake County, Minnesota, and executed a retainer agreement dated September 5, 2014, obligating him to pay Sieloff the costs of legal representation.  *See* Retainer Agreement, attached as Ex. A to Affidavit of Ronald B. Sieloff (hereinafter, "**Sieloff Aff**.").

7.      Sieloff represented the Debtor in his marital dissolution proceeding from September 5, 2014 through July 12, 2016, during which time the Debtor incurred attorney fees and costs of $25,730.40.

8.      The Debtor and his ex-wife entered into a Financial Early Neutral Evaluation Settlement Agreement dated February 17, 2015 ("**FENE Agreement**").  *See* Financial Early Neutral Evaluation Settlement Agreement dated February 17, 2015, Ex. B to Sieloff Aff. The FENE Agreement was incorporated into an Order filed on October 5, 2015, and was also attached as Exhibit B to the Judgment and Decree of Dissolution on August 8, 2017. *See* Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree, in the case, *In re the Marriage of Brain Allan Lerbakken, Petitioner and Paula Jean Foede, Respondent*, Case No. 38-FA-14-379 ("**Dissolution Decree**"), Ex. F to Sieloff Aff.

9.      In the FENE Agreement, the parties agreed that Debtor's ex-wife would pay an equity balancing payment of $23,287.00 to the Debtor, "payable to [Sieloff's] trust account as follows:

[R]espondent [ex-wife] shall pay to the petitioner [Debtor] an equity balancing payment of $23,287 payable within 120 days of the date of entry of judgment, payable to    the

[Debtor's] attorney's trust account.

FENE Agreement, ¶3.

10.     Sieloff was a third-party beneficiary to the FENE Agreement, as the Debtor and his ex-wife agreed that the ex-wife would pay the equity balancing payment of $23,287 directly to Sieloff's trust account to pay the Debtor's attorney fees incurred in the marital dissolution proceeding.

11.     Sieloff served a Notice of Attorney Lien on the Debtor, the Debtor's counsel and on his ex-wife's counsel, on October 26, 2016, in the amount of $25,730.40.  *See* Exs. C and D to Sieloff Aff.

12.     Sieloff perfected his attorney lien against the Debtor's personal property, including assets received pursuant to the Judgment and Decree in the dissolution proceeding by filing a UCC-1 Financing Statement with the Office of the Minnesota Secretary of State on October 26, 2016, Filing no. 911876300021.  *See* Ex. E to Sieloff Aff.

13.     After the parties entered into the FENE Agreement, the Debtor received a workers' compensation settlement of $270,000 attributable to lost wages.  *See* Dissolution Decree at 3, Finding of Fact XII, Ex. F to Sieloff Aff.

14.     After the execution of the FENE Agreement and the Debtor's receipt of his worker's compensation settlement of $270,000, ***without notice to Sieloff***, the Debtor and his ex-wife agreed that the ex-wife was entitled to receive $19,575 as her marital portion of the Debtor's worker's compensation settlement.  *See* Dissolution Decree and Memorandum at 16-17. Ex. F to Sieloff Aff.

15.     As a result of the undisclosed agreement between the Debtor and the ex-wife regarding the workers compensation settlement, the ex-wife's equity balancing payment was

{00697069.1 }

reduced from $23,287, as previously stated in the FENE Agreement, by $19,575, to $3,712.

16.     The Dissolution Decree entered by the Family Court on August 8, 2017, provided for distribution of assets between the parties, including the award to the Debtor of proceeds of $19,281.45 from the ex-wife's 401K Retirement Account with Wells Fargo ("**401K Proceeds**"), proceeds of the ex-wife's Wells Fargo Traditional IRA ("**IRA Proceeds**"), and the newly agreed-to equity balancing payment from the ex-wife to the Debtor in the reduced amount of $3,712.  *See* Dissolution Decree, at 8, and Memorandum at 16-17, Ex. F to Sieloff Aff.

17.     Neither the Debtor nor his ex-wife paid Sieloff the attorney fees of $25,730.40.

18.     Sieloff filed a Motion for Enforcement of Attorney's Lien with the Lake County District Court.

19.     After a hearing on October 16, 2017, the Lake County District Court entered the Order Establishing and Enforcing Attorney's Lien in Sieloff's favor, in the amount of $25,730.40, plus $3,000 reflecting the additional fees in bringing the motion to enforce the attorney's lien, for a total judgment of $28,730.40.  *See* Notice of Filing and Entry of Order Establishing and Enforcing Attorney's Lien dated October 16, 2017, in *In re the Marriage of Brain Allan Lerbakken, Petitioner and Paula Jean Foede, Respondent, and Sieloff and Associates, P.A., Attorney Lien Complainant*, Case no. 38-FA-14-379 ("**Attorney Lien Order**"), Ex. G to Sieloff Aff.

20.     The Attorney Lien Order clarified that all property awarded to the Debtor under the FENE Agreement and Dissolution Decree was assigned to Sieloff to the extent necessary to fully satisfy the $28,730.40 debt for attorney fees.

> That any monies or properties of [the ex-wife] awarded to or payable to [the Debtor] by [the ex-wife] pursuant to the Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree filed on 8/8/17 is assigned to Sieloff and shall be paid to Sieloff by [the ex-wife] until such time as [the Debtor's] $28,730.40 debt to Sieloff is

paid and fully satisfied.

Attorney Lien Order at ¶3, Ex. G. to Sieloff Aff.

21.     The Attorney Lien Order clarified that all property awarded to the Debtor under

the FENE Agreement and Dissolution Decree is subject to Sieloff's attorney lien:

> That the attorney's lien so established to Sieloff and Associates, P.A. is an
> attorney's lien against (a) any and all monies, personal property and real property
> awarded to [the Debtor] as part to the property distribution awarded to him or (b)
> ordered to be paid by [the ex-wife] to [the Debtor] for spousal maintenance of for
> any other reason in the above-captioned dissolution proceeding.

*Id.* at ¶5.

22.     The Debtor filed his Chapter 7 bankruptcy petition on January 23, 2018.

23.     In his Schedule C-Exempt Property, the Debtor claims as exempt the 401K

Proceeds of $19,281.45 and the IRA Proceeds of $2,650 under Minn. Stat.§522(b)(3)(C).  *See*

Ex. H to Sieloff Aff.

24.     Sieloff objects to the claimed exemption in the 401K Proceeds and the IRA

Proceeds because Sieloff has a perfected attorney's lien against these funds, which subsumes the

entirety of the asset.   Sieloff gave proper notice of the attorney's lien and filed a UCC-1

Financing Statement with the Office of the Minnesota Secretary of State on October 26, 2016,

and the Attorney Lien Order entered in the dissolution proceeding affirmed the validity and

scope of Sieloff's attorney lien.   Property received through a property settlement in a marital

dissolution proceeding is bankruptcy estate property under 11 U.S.C. §541(a).   In addition, the

Debtor cannot claim an exemption in the 401K Proceeds and the IRA Proceeds because they do

not qualify as "retirement funds" under the Supreme Court decision, *Clark v. Rameker*, 134 S.

Ct. 2242 (2014).

25.     In the event any evidence or testimony is necessary and appropriate at any hearing

on this motion, the Ronald B. Sieloff may testify, and may call the Debtor to testify and give evidence.

WHEREFORE, Sieloff & Associates, P.A. request that the court enter an order denying the Debtor's claim of exemption in the 401K Proceeds and in the IRA Proceeds, and for such other and further relief as is just and equitable.

LEONARD, O'BRIEN
SPENCER, GALE &SAYRE, LTD.

Dated: March 28, 2018                    By: /e/  Andrea M. Hauser
                                              Matthew R. Burton, #
                                              *mburton @losgs.com*
                                              Andrea M. Hauser, #207469
                                              *ahauser@losgs.com*
                                              100 South Fifth Street, Suite 2500
                                              Minneapolis, MN 55402
                                              (612) 332-1030
                                         Attorneys for Sieloff & Associates, P.A.

{00697069.1 }

## VERIFICATION

The undersigned, Ronald B. Sieloff, owner of the moving party, Sieloff & Associates, P.A., under penalty of perjury, states that he has read the foregoing Motion Objecting to the Debtor's Claim of Exempt Property, and that the information contained herein is true and correct to the best of his information and belief.

Dated: March ___, 2018

_____
Ronald B. Sieloff

{00697069.1 }

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                    Case No. 18-50037

Brian A. Lerbakken,                                                Chapter 7

      Debtor.

_____

### MEMORANDUM IN SUPPORT OF MOTION OF SIELOFF & ASSOCIATES, P.A. OBJECTING TO DEBTOR'S CLAIM OF EXEMPT PROPERTY
_____

The secured creditor Sieloff and Associates, P.A. ("**Sieloff**") seeks an order disallowing the claimed exemptions of the Debtor, Brian A. Lerbakken ("**Debtor**") in proceeds of the 401K account and in the IRA account of the Debtor's ex-wife. The facts supporting this objection are set forth in the Motion of Sieloff & Associates, P.A. Objecting to Debtor's Claim of Exempt Property filed with this Memorandum.

### ARGUMENT

The Debtor cannot claim the proceeds of his ex-wife's 401K account of $19,281.45 or more ("**401K Proceeds**"), or the proceeds of his ex-wife's Wells Fargo IRA account of $2,650 ("**IRA Proceeds**") as exempt under 11 U.S.C. 522(b)(3)(c) because Sieloff had a perfected attorney's lien against the 401K Proceeds and IRA Proceeds.  Sieloff filed a UCC-1 Financing Statement with the Office of the Minnesota Secretary of State on October 26, 2016, and Sieloff's perfected attorney's lien was affirmed by the state court in its Attorney Lien Order in the marital dissolution proceeding.  In addition, the Debtor cannot claim an exemption in 401K Proceeds and IRA Proceeds because they do not qualify as "retirement funds" under the Supreme Court decision, *Clark v. Rameker*, 134 S. Ct. 2242 (2014).

The Bankruptcy Code permits a debtor to exempt from the bankruptcy estate any

{00697125.1 }

property which is exempt under applicable state statutes on the date of filing of the petition.  11

U.S.C. §522(b)(3)(A). The Debtor may only exempt the value of property he owned on the

petition date, January 23, 2018. "The status as to exemptions is fixed as of the filing of the

petition in bankruptcy." *Bruce v. Najarian,* 249 Minn. 99, 81 N.W.2d 282, 297 (1957).

"State law governs the resolution of property rights within a bankruptcy proceeding and,

therefore, Minnesota law governs this case." *See In re Farr,* 407 B.R. 343, 346, 2009 WL

1577649, *2, n. 5 (8th Cir. BAP 2009), *citing In re MJK Clearing, Inc.,* 371 F.3d 397, 401 (8th

Cir. 2004).  The Court must review "the circumstances prevailing when the bankruptcy petition

was filed" to determine whether the Debtor's claimed exemptions are allowed  *See In re

Smoinikar*, 200 B.R. 640, 644 (Bankr. D. Minn. 1996).

Sieloff can meet his burden of showing that the Debtor is not entitled to the claimed

exemption under the undisputed facts of this case. *See* Bankruptcy Rule 4003(c); *see also, In re

Stenzel,* 301 F. 3d 945, 947 (8th Cir. 2002) (objecting party has burden of showing lack of

entitlement to exemption). Here, the Debtor has claimed exemptions in personal property

encumbered by perfected statutory liens which are not subject to avoidance under the 11 U.S.C.

§545.

## A.  The 401K Proceeds and IRA Proceeds Which the Debtor Obtained Through  the FENE Agreement and Dissolution Decree Are Subject to Sieloff's Perfected Attorney's Lien.

The Debtor retained Sieloff to represent him in his marital dissolution and executed a

Retainer Agreement dated September 5, 2014, obligating him to pay Sieloff the costs of legal

representation. The Debtor incurred attorney fees and costs of $25,730.40 in his marital

dissolution proceeding.  Sieloff served a Notice of Attorney Lien on the Debtor, the Debtor's ex-

wife, and on her attorney on October 26, 2016, in the amount of $25,730.40.  Sieloff also filed

the Notice of Attorney Lien with the Office of the County Recorder, Lake County, and a UCC-1

Financing Statement with the Office of the Minnesota Secretary of State in October 26, 2016.

The Debtor obtained the rights to the 401K Proceeds and IRA Proceeds as part of his

property settlement with his ex-wife.  The Debtor and his ex-wife entered into the Financial

Early Neutral Evaluation Settlement Agreement on February 17, 2015, pursuant to which the

parties agreed that the ex-wife would deposit an "equity balancing payment of $23,287" into

Sieloff's trust account. *See* Financial Early Neutral Evaluation Settlement Agreement, ¶3

("**FENE Agreement**"), Ex. B to Sieloff Aff.  The FENE Agreement was incorporated into an

Order filed on October 5, 2015, and was also attached as Exhibit B to the Judgment and Decree

of Dissolution on August 8, 2017.  *See* Findings of Fact, Conclusions of Law, Order for

Judgment and Judgment and Decree, in the case, *In re the Marriage of Brain Allan Lerbakken,*

*Petitioner and Paula Jean Foede, Respondent*, Case No. 38-FA-14-379 ("**Dissolution Decree**"),

Ex. F to Sieloff Aff.

The "equity balancing payment" was later adjusted to the smaller payment of $3,712

pursuant to the agreement between the Debtor and his ex-wife, which was not disclosed to

Sieloff. *See* Dissolution Decree at 16-17. The Debtor was awarded the 401K Proceeds and IRA

Proceeds. *Id.* at 8.  As the 401K Proceeds and IRA Proceeds are part of the property settlement,

they are bankruptcy estate property under 11 U.S.C. §541(a); *see also*, *In re*

*Radinick,* 419 B.R. 291, 294 (Bankr. W.D. Pa. 2009) (debtor's interest in distribution of

spouse's retirement account is property of the estate).

When the Debtor failed to pay Sieloff the attorney fees he had incurred of $25,730.40,

Sieloff filed a motion for enforcement of attorney's lien and obtained an Order Establishing and

Enforcing Attorney's Lien, affirming his perfected security interest of $25,730.40 in the property

awarded to the Debtor, plus additional fees and expenses of bringing the motions, for a total perfected security interest of $28,730.40. *See* Notice of Filing and Entry of Order Establishing and Enforcing Attorney's Lien dated October 16, 2017 ("**Attorney Lien Order**"), Ex. G to Sieloff Aff.

Sieloff's claim of $28,730.40 is secured by all of the Debtor's personal property, including the 401K proceeds and IRA Proceeds.  "An attorney lien prevents a client from benefiting from an attorney's services without paying for them." *City of Oronoco v. Fitzpatrick Real Estate, LLC,* 869 N.W. 2d 332,334 (Minn. App. 2015) *citing Dorsey & Whitney LLP v. Grossman,* 749 N.W.2d 409, 420 (Minn. App. 2008).  Under Minn. Stat. §481.13, subd. 1(a), Sieloff had an attorney's lien for compensation from the time when the marital dissolution action commenced in September 2014.

> [a]n attorney has a lien for compensation whether the agreement for compensation is expressed or implied (1) upon the cause of action from the time of the service of the summons in the action, or the commencement of the proceeding, and (2) upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of the lien claim, as provided in this section.

Minn. Stat. §481.13, subd. 1(a).  Sieloff's lien for $25,730.40 had priority against all third parties from the time of filing the notice of lien claim when Sieloff served a Notice of Attorney's Lien on the Debtor, the Debtor's ex-wife, and on her attorney on October 26, 2016, in the amount of $25,730, and filed a UCC-1 Financing Statement with the Office of the Minnesota Secretary of State on October 26, 2016. *See* Exs. C, D and E to Sieloff Aff.

> [a]n attorney has a lien for compensation upon a judgment whether there is a special express or implied agreement as to compensation, or whether a lien is claimed for the reasonable value of the services. The lien extends to the amount of the judgment from the time of giving notice of the claim to the judgment debtor. The lien under this paragraph is subordinate to the rights

existing between the parties to the action or proceeding.

Minn. Stat. §481.13, subd. 1(b); *see also, City of Oronoco* at 336; *Williams v. Dow Chemical*, 415 N.W. 2d 20, 26 (Minn. App. 1987). Here, Sieloff perfected its attorney's lien against the 401K Proceeds and IRA Proceeds and the Debtor's other personal property on October 26, 2016. "[A]n attorney lien is generally 'superior to the rights of plaintiff's judgment creditors.'" *Id.* at 337, *quoting LaFleur v. Schiff,* 239 58 N.W.2d 320, 323 (Minn. 1953). Sieloff's attorney's lien against the 401K Proceeds and IRA Proceeds is perfected against the claims of all third parties, and survives the bankruptcy filing.

**B.     Sieloff's Attorney's Lien Against the 401K Proceeds is a Perfected Statutory Lien Which Cannot Be Avoided under 11 U.S.C. §545.**

Sieloff's attorney's lien is a statutory lien under 11 U.S.C. §101(53), which arises by force of statute under Minnesota law, Minn. Stat. §481.13.

> The term "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. §101(53); *see also, McCarthy v. Brevik Law (In re McCarthy)*, 501 B.R 89, 90 (8th Cir. BAP 2013); *In re Storage Technology*, 45 B.R. 363, 364 (D. Col. 1985). Because Sieloff's lien was perfected on October 26, 2016, well before the commencement of the bankruptcy on January 23, 2018, the neither the Trustee nor the Debtor can avoid the attorney's lien under 11 U.S.C. §545(2)[1], which allows the avoidance of unperfected statutory liens against a debtor's property.

---

[1] The *trustee* may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... is not perfected or enforceable at the time of commencement of the case against a bona fide purchaser that purchased such property at the time of commencement of the case....
11 U.S.C. § 545(2).

**C.**     **The Debtor Cannot Claim an Exemption in the 401K Proceeds and IRA Proceeds Obtained from His Ex-Wife Pursuant to the Dissolution Decree under 11 U.S.C. §522(b)(3)(C).**

The Debtor improperly claimed the 401K Proceeds and IRA Proceeds as exempt under 11 U.S.C. §522(b)(3)(C). Because the 401K Proceeds and IRA Proceeds are a distribution from the ex-wife's retirement funds from her 401K account with Wells Fargo, the funds no longer qualify as "retirement funds" once they are in the Debtor's possession, under the Supreme Court decision, *Clark v. Rameker*, 134 S. Ct. 2242 (2014).

The Debtor claims the 401K Proceeds and IRA Proceeds exempt under 11 U.S.C. §522(b)(3)(C), which states:

> an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. …..
>
> *           *           *
>
> (3) Property listed in this paragraph is--
>
>> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. §522(b)(3)(C).

Because the Bankruptcy Code does not define "retirement funds," the U.S. Supreme Court gave the term its plain meaning, as "sums of money set aside for the day an individual stops working." *Clark* at 2246. To determine whether a particular set of funds falls within this definition, courts must examine "the legal characteristics of the account in which the funds are held, asking whether, as an objective matter, the account is one set aside for the day when an individual stops working." *Id.*

In *Clark*, the Supreme Court analyzed the legal characteristics of inherited IRA accounts and determined that they do not qualify as "retirement funds" that can be exempted under 11 U.S.C. §522(b)(3)(C). The Supreme Court noted that once IRA accounts are inherited, distinct

rules govern the use of the inherited IRA accounts, as opposed to the rules which govern traditional IRA accounts.  First, the federal tax code gives IRA accounts specific tax advantages to encourage account holders to contribute regularly towards their retirement savings; whereas inherited IRA owners cannot make additional investments into the account.  *Id.* at 2247.  Second, IRA account holders face a 10% tax penalty for withdrawing funds prior to the age of 59½; whereas inherited IRA owners are required to withdraw funds from the account over a five-year period or to take minimum annual distributions.  *Id.*  Third, the owner of an inherited IRA account is free to withdraw the entire balance of the account at any time without the 10% early withdrawal penalty.  "[I]nherited IRAs constitute a pot of money that can be freely used for current consumption," as opposed to a restricted fund specifically held for retirement savings.  *Id.*

Similarly, here, when the Debtor's ex-wife held the 401K account and IRA account with Wells Fargo, she benefitted from tax advantages which encouraged her to make payroll contributions, and she alone could make those contributions from her earnings.  When the Debtor takes possession of the 401K Proceeds and IRA Proceeds, the funds are no longer tax-qualified, and the Debtor will be unable to make additional contributions to the 401K Proceeds account or to the IRA Proceeds account.  Second, under the Wells Fargo QDRO, the Debtor, as the "Alternative Payee", would receive the 401K Proceeds as a lump sum distribution, with no requirement that the funds it be rolled over to an IRA or other tax-qualified account.  Like an IRA accountholder, a 401K accountholder faces a 10% penalty on early withdrawals from the 401K account before the age of 59½; whereas here, the Debtor would be free to spend the all of the 401K Proceeds without facing the 10% early withdrawal penalty.  Under the ruling in *Clark v. Rameker,* the distinct legal characteristics of the ex-wife's 401K Retirement Account and IRA

account with Wells Fargo and the 401K Proceeds and IRA Proceeds that the Debtor will receive

through the QDRO show that the 401K Proceeds and IRA Proceeds do not qualify as "retirement

funds" under 11 U.S.C. §522(b)(3)(C).  *See also, In re Kizer,* 539 B.R. 316, 326 (Bankr. E.D.

Mich. 2015) (debtor cannot exempt his ex-wife's 401K funds he received under QDRO as

retirement funds); *In re Anderson,* 269 B.R. 27, 32 (Bankr. D. Minn. 2001) (IRA acquired

through divorce settlement not derived directly from debtor's employment is not exempt).

In this case, the Debtor cannot claim the 401K Proceeds or the IRA Proceeds as exempt

property under 11 U.S.C. §522(b)(3)(C), and those funds remain property of the estate and

subject to Sieloff's perfected attorney's lien.

## CONCLUSION

For the above reasons, Sieloff & Associates, P.A. requests that the Court deny the

Debtor's claimed exemption in the 401K proceeds and the IRA Proceeds.

**LEONARD, O'BRIEN**
**SPENCER, GALE &SAYRE, LTD.**

Dated: March 28, 2018                    By:  /e/  Andrea M. Hauser
                                              Matthew R. Burton, #
                                              *mburton @losgs.com*
                                              Andrea M. Hauser, #207469
                                              *ahauser@losgs.com*
                                              100 South Fifth Street, Suite 2500
                                              Minneapolis, MN 55402
                                              (612) 332-1030
                                              Attorneys for Sieloff & Associates, P.A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

                                            Bky. No. 18-50037

Brian A. Lerbakken,

                                                  Chapter 7

              Debtor.

                               **AFFIDAVIT OF RONALD B. SIELOFF**

_____

STATE OF MINNESOTA    )
                             ) ss.
COUNTY OF DAKTOA    )          Ronald B. Sieloff, being first duly sworn, deposes

and states as follows:

1.      I am the owner of the law firm of Sieloff and Associates, P.A. ("Sieloff"), and

have personal knowledge of the facts contained herein.

2.      Attached as Exhibit A is a true and correct copy of the Retainer Agreement dated

September 5, 2014, between the Debtor, Brian L. Lerbakken (the "Debtor") and Sieloff.

3.      Attached as Exhibit B is a true and correct copy of the Financial Early Neutral

Evaluation Settlement Agreement dated February 17, 2015 ("FENE Agreement") between the

Debtor and his ex-spouse.

4.      Attached as Exhibit C is a true and correct copy of the Notice of Attorney's Lien

served by certified mail on the Debtor on October 26, 2016.

5.      Attached as Exhibit D is a true and correct copy of the Notice of Attorney's Lien

served by first class mail on the Debtor's counsel, Timothy Costly, and upon the Debtor's ex-

wife's counsel, Matthew Beaumier, on October 26, 2016.

{00697082.1 }

6.      Attached as Exhibit E is a true and correct copy of the UCC-1 Financing Statement filed by Sieloff with the Office of the Minnesota Secretary of State on October 26, 2016, filing no. 911876300021.

7.      After the execution of the FENE Agreement, the Debtor received a worker's compensation settlement of $270,000.  Without providing notice to me, the Debtor and his ex-spouse agreed that the ex-spouse was entitled to receive $19,575 as her marital portion of the Debtor's worker's compensation settlement, and that the ex-spouse's equity balancing payment would be reduced from $23,287, as previously stated in the FENE Agreement, by $19,575, to only $3,712.

8.      Attached as Exhibit F is a true and correct copy of the Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree and Memorandum dated Aug. 8, 2017 ("Dissolution Agreement"), in the case, *In re the Marriage of Brain Allan Lerbakken, Petitioner and Paula Jean Foede, Respondent*, Case no. 38-FA-14-379.

9.      Attached as Exhibit G is a true and correct copy of the Notice of Filing and Entry of Order Establishing and Enforcing Attorney's Lien dated October 17, 2017 (Attorney Lien Order"), in *In re the Marriage of Brain Allan Lerbakken, Petitioner and Paula Jean Foede, Respondent, and Sieloff and Associates, P.A., Attorney Lien Complainant*, Case no. 38-FA-14-379, Sixth Judicial District of Minnesota.

10.      Attached as Exhibit H is a true and correct copy of the Debtor's Schedule C-Exempt Property.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: _3 - 28_ , 2018

Ronald B. Sieloff

Subscribed and sworn unto before
me this 28th day of March, 2018.

Notary Public

SHELLY L. JOTBLAD
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

File Description: _Dissolution of marriage_

Name: _Brian Allan W Lerbakken_
Address: _c/o Lyle Lerbakken_
_2123 Eastwood_
City/State/Zip: _Mora, MN 55051_
Telephone: (Bus.) _____
(Res.) _____
(Fax) _____
(Cell) _218-206-5975_
(Email) _____

SIELOFF AND ASSOCIATES, P.A.
Yankee Square Office III
3460 Washington Drive
Suite 214
Eagan, Minnesota 55122

Phone:    (651) 454-2000
Fax:      (651) 452-1240
Email:    sieloff@siellofflaw.com
Website:  siellofflaw.com

VISA  AMERICAN  [mastercard]  DISCOVER

The undersigned (herein referred to as Client) hereby retains Sieloff and Associates, P.A. (herein referred to as Law Firm) to represent Client for the fee and on the conditions set forth below in the following matter: _Dissolution of_ _marriage_ . Unless otherwise specifically stated herein, the scope of representation does not include any appeal or review of a court order or decision.

The fee for professional services is based primarily on time expended by attorneys and paralegals of Law Firm, and responsibility assumed by Law Firm. The undersigned accepting attorney will bill Client at the rate of $ _268_ per hour. Attorneys of Law Firm who perform services in this matter will bill at an hourly rate ranging from $268.00 to $442.00 . The parties anticipate the total fee for professional services in connection with this matter will be _unknown_ but such fee is subject to increase if additional time must be expended by Law Firm.

Client will pay $ _2100 + F.F._ at this time and the balance _as billed monthly_ . It is understood that if at any time Client is in default of this agreement, Law Firm may either terminate this agreement or petition the Court for withdrawal from this matter and be relieved from any and all further obligation undertaken by Law Firm in connection with this matter.

Acceptance of Law Firm is conditioned on payment by Client of $ _2100_ and until said payment is made, it is understood that Law Firm has no responsibility to take any action with respect to this matter.

_X_  Trust Account. Advance payments to Law Firm will be deposited in Law Firm's trust account, against which Law Firm is authorized to draw upon in the amount of its periodic billings.

_____  Flat Fee. Advance payments are a flat fee for above described services, not held in trust account until earned, client has right to terminate Law Firm and obtain refund of all or a portion of the fee if the agreed-upon legal services are not provided.

_____  Availability Retainer. Advance payments to Law Firm are Law Firm's property and are to ensure Law Firm's availability for the period and for the legal services described above. Fees for legal services will be charged separately, subject to refund in whole or in part if the Law Firm is not available as promised.

Periodically (and normally annually) Law Firm adjusts the hourly rates for its attorneys and paralegals based on inflation, market conditions, experience and other factors. This adjustment will be reflected in Client's monthly billing and Client agrees to payment at these adjusted rates as if they were set forth herein.

Client authorizes Law Firm to retain and use Law Firm's paralegals to the extent necessary or desirable, under supervision of an attorney, in handling this matter. Paralegal's time will be billed to Client at the rate of _$228.00_ per hour.

Professional Services include, among other things, telephone contact with Client, attorneys and other perso[...] Client's matter, research, document preparation, editing, office conferences, and court appearances includi[...] calls are assigned a minimum of 10 minutes of time.

**EXHIBIT**
**A**

Costs will be paid by Client in addition to professional fees. Costs will be billed to Client as incurred. Costs include, among other items, photocopies, fax fees, filing fees, subpoenas, witness fees, mileage, parking, consultant and expert witness fees, service of process, delivery costs, long distance calls, postage, travel expenses (meals and lodging out-of-town), deposition and court transcripts, and court reporters. Law Firm reserves the right to require payment of costs in advance. If Law Firm ceases to represent Client for any reason, Client will pay all copy costs to copy Client's files, papers and records. The policy of the Law Firm is to provide to you copies of all pleadings and correspondence as received or prepared. This is your copy. Keep all these documents for any need you may have of them in the future.

Yes   No   I agree to receive monthly billing statements/e-mail statements to me monthly at the following e-mail address: _____

Secretarial services are normally absorbed by Law Firm as part of the professional fee hourly rate. However, in certain cases, because of Client demands or extraordinary situations, particularly where overtime is required or where an experienced secretary is functioning as a paralegal, secretarial services will be separately billed to Client.

If this agreement provides for periodic payments and if Client is in default in making one or more periodic payments, Law Firm may, at its option, demand the entire balance to be immediately due and payable.

Law Firm will normally mail monthly billings to Client setting forth itemized professional fees and costs incurred. Unless otherwise agreed therein, payment of all billings are due within 30 days from the date of the billing. This is the "payment due date".

Client agrees to review the monthly billings and the itemized professional fees and costs set forth therein on a monthly basis and to promptly report back to Law Firm any matters that Client does not understand or that Client disputes.

Interest on Unpaid Balances. Unpaid balances of fees for professional services and costs shall bear interest at the rate of eight percent (8%) per annum commencing on the "payment due date" on the Law Firm's billing to Client (which is approximately 30 days after the "billing date" on any monthly billing) until paid. Accrued and unpaid interest shall be added to the principal amount of the bill on the next "payment due date" and shall also bear interest.

If an account balance is past due, Law Firm may cease performing further services for Client and if an account balance is not paid within 60 days of billing, Law Firm will cease performing services for Client unless Client makes other arrangements with Law Firm.

If Client becomes delinquent on an account, Client should contact Law Firm. Based on the amount of the outstanding bill, creditworthiness, payment record of Client and other factors deemed relevant by Law Firm, Law Firm may, in its discretion, extend further services upon obtaining adequate security, confessions of judgment, personal guaranties by others or property in lieu of cash.

Client understands that when an account is past due, Client may receive letters or telephone calls from Law Firm or collection agency retained by Law Firm. Client will pay $25.00 charge for any dishonored check.

In some cases legal proceedings for collection of fees and costs are necessary. In the event that formal or legal proceedings are necessary for collection of fees and costs, Client agrees to pay all costs and reasonable attorney's fees (at the rates set forth herein) incurred in collection to Law Firm. This agreement is made in the State of Minnesota. The parties consent to personal jurisdiction by the State of Minnesota and this agreement may be enforced by the courts of the State of Minnesota.

If Law Firm withdraws from representing Client or is discharged from representing Client, Client shall pay to Law Firm the costs of copying or electronically retrieving Client's files, papers and property.

Client agrees to cooperate with Law Firm in the course of Law Firm's representation of Client and to do all necessary, reasonable and appropriate undertakings to assist in Client's representation. Client's lack of cooperation with Law Firm shall constitute grounds by Law Firm for termination of Law Firm's representation of Client.

Client File Return. Client authorizes Law Firm to destroy Client's entire file after the conclusion of Law Firm's representation of Client 30 days after Law Firm advises Client in writing mailed to Client at Client's address above or by email to the email address above, that Law Firm intends to destroy Client's file and Client does not, within 30 days of the date of Law Firm's written notice, either timely retrieve Client's file or make written arrangements with Law Firm acceptable to Law Firm (and comply with those arrangements) to retrieve Client's file. Client acknowledges that Law Firm will not pay for postage or delivery costs to return Client's file to Client.

Dated: 10-5-14

Client _____

Dated: 9-5-14

Accepted by Law Firm _____

I guarantee payment of Client's obligation to Law Firm under this Retainer Agreement.

Dated: _____

Guarantor _____

z:\forms\retainer agreement – 1-14

STATE OF MINNESOTA

COUNTY OF LAKE

DISTRICT COURT
FAMILY COURT DIVISION
SIXTH JUDICIAL DISTRICT

In Re The Marriage of:

**Brian Allan Lerbakken,**

Petitioner,

and

**Paula Jean Foede,**

Respondent.

Court File No. 38-FA-14-379
Judge

**FINANCIAL EARLY NEUTRAL
EVALUATION
SETTLEMENT AGREEMENT**

The parties and their attorneys participated in a Financial Early Neutral Evaluation on February 17, 2015. Dennis Korman and Kimberly Shanda acted as evaluators. The parties were present personally and with their attorneys Samantha J. LePage for the Petitioner and Matthew H. Beaumier for the Respondent. The parties have agreed to settle the issues as follows:

~~1. Commencing April 15, 2015 and payable on the 15th of each month thereafter, respondent~~ shall pay to the petitioner spousal maintenance at the rate of $1200 per month by income withholding. Maintenance shall be payable until petitioner remarries, either party dies, or further order of the court.

2. Commencing April 15, 2015, Petitioner shall pay to the respondent child support at the rate of $260 per month by income withholding which includes basic support, health insurance premium reimbursement and dental insurance premium reimbursement pursuant to the guidelines calculation attached as Exhibit A. Child support shall be payable until it terminates pursuant to the current statutory provisions.

3. Pursuant to the spreadsheet attached hereto the respondent shall pay to the petitioner an equity balancing payment of $23,287 payable within 120 days of the date of entry of judgment, payable to Petitioner's attorney's trust account. The obligation to make payment within this period of time is contingent upon the respondent's ability to obtain financing. Respondent shall use their best efforts to obtain financing to pay the equity balancing payment. If she is unable to refinance she shall thereafter make application to obtain financing at least annually and shall make a minimum of 2 applications to lending institutions. If not sooner paid the equity balancing


EXHIBIT
B

payment shall be due and payable when the parties' child reaches age 18 and graduates from high school or when the respondent may earlier sell the home. After the aforesaid 120 day, the unpaid balance shall bear interest at the rate of 4% per annum. Petitioner shall have a lien and mortgage against the homestead to secure payment of the equity balancing payment.

The division of personal property which is specified on the attached spreadsheet is adopted by the parties.

The division of any personal property not enumerated on the attached spreadsheet shall be negotiated between the parties. If they are unable to reach an agreement they shall use Ms. Kimberly Shanda as a mediator/arbitrator to determine the division of personal property and any amount which either party may owe to the other as a result of the personal property division. All disputed personal property must be at the home at the time of any such mediation/arbitration.

4. Petitioner shall diligently pursue his current workers compensation claim and shall promptly disclose to the Respondent all of the particulars regarding any settlement or other determination of his claim. Petitioner's workers compensation attorney shall also be obligated to advise petitioner of any settlement or other determination of petitioner's claim. Petitioner's workers compensation attorney should also be obligated to advise Respondent if petitioner fails to diligently pursue his claim.

5. The final judgment which incorporates the parties' settlement shall contain additional language commonly referred to as boilerplate language. Any disagreement by the parties regarding such boilerplate language shall not invalidate the terms of the parties settlement.

6. By entering into this agreement the parties acknowledge that they are doing so of their own free will and after having the opportunity to freely consult with her/his attorney. The parties also acknowledge that upon signing this agreement, the agreement becomes fully enforceable by the court.

Dated this __12__ day of February, 2015.          Dated this __17__ day of February, 2015.

_____               _____
**Brian Allan Lerbakken**, Petitioner            **Paula Jean Foede**, Respondent

_____               _____
Samantha J. LePage (0395494)                   Matthew H. Beaumier (0248241)
Attorney for Petitioner                         Attorney for Respondent
Yankee Square Office III                        227 W 1st Street
3460 Washington Drive, Suite 214                Duluth, MN 55802
Eagan, MN 55122                                 (218) 722-2144
(651) 454-2000

1 8 6 3 0 6

# Child Support Guidelines Worksheet

Parent A: Brian  
Parent B: Paula  

IV-D Case Number:  
Court File Number:  

Number of Joint Children: 1  
Date: 2/17/2015

| | | Parent A | Parent B | Combined |
|---|---|---|---|---|
| Income | 1a. Monthly Income Received | $1947 | $7127 | ---- |
| | 1b. Child(ren)'s Social Security/Veterans' Benefits Derived From a Parent's Eligibility | $0 | $0 | ---- |
| | 1c. Potential Income | $0 | $0 | ---- |
| | 1d. Spousal Maintenance Orders Obligated to be Paid | $0 | $1200 | ---- |
| | 1e. Child Support Order(s) Obligated to be Paid for Nonjoint Child (ren) | $0 | $0 | ---- |
| | 1f. Monthly Gross Income (1a+1b+1c-1d-1e) | $1947 | $5927 | ---- |
| Adjustments | 2a. Number of Nonjoint Child(ren) in the Home (Maximum number allowed is 2) | 0 | 0 | ---- |
| | 2b. Deduction for Nonjoint Child(ren) in the Home | $0 | $0 | ---- |
| | 3. Parental Income for Determining Child Support (PICS) | $1947 | $5927 | $7874 |
| | 4. Percentage Share of Combined PICS | 25% | 75% | ---- |
| | 5. Combined Basic Support Obligation | ---- | ---- | $1023 |
| | 6. Pro Rata Basic Support Obligation | $256 | | ---- |
| Basic Child Support Obligation | 7. Basic Support Obligation After Parenting Expense Adjustment (if applicable) | $225 | | ---- |
| Child Care Obligation | 8. Child Care Support Obligation for Joint Child(ren) | | | ---- |
| Medical Support Obligation | 9a. Monthly Cost of Health Care Coverage for Joint Child(ren) | $0 | $113 | ---- |
| | 9b. Pro Rata Share of Health Care Coverage Costs | $28 | $85 | ---- |
| Appropriate Coverage Available | 9c. Contribution to Health Care Coverage | $28 | | ---- |
| | 9d. Monthly Cost of Dental Coverage for Joint Child(ren) | $0 | $29 | ---- |
| | 9e. Pro Rata Share of Dental Coverage Costs | $7 | $22 | ---- |
| | 9f. Contribution to Dental Coverage | $7 | | ---- |
| | 9g. Medical Support Obligation-Appropriate Coverage Available | $35 | | ---- |
| No Appropriate Insurance Available | 10. Medical Support Obligation for Public Coverage | | | ---- |
| Uninsured/Unreimbursed Expenses | 11. Share of Uninsured and/or Unreimbursed Medical Expenses | 25% | 75% | ---- |
| | 12. Net Child Support Obligation | $260 | $0 | ---- |
| Benefits Adjustment | 13. Child(ren)'s Social Security/Veterans' Benefits Derived from Parent's Eligibility | | | ---- |
| Computing a Final Obligation | 14. Total Child Support Obligation | $260 | $0 | ---- |
| | 15a. Monthly Gross Income | $1947 | $5927 | ---- |
| Ability to Pay Calculation | 15b. Income Available for Support | $770 | $4750 | ---- |
| | 16. Monthly Child Support Obligation - No Adjustment Necessary | $260 | $0 | ---- |
| | 17. Amount of Reduction | $0 | $0 | ---- |
| Child Support Obligation Adjustment | 18. Medical Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 19. Child Care Support | | | |
| | Original Obligation | | | ---- |

EXHIBIT A

186306

## LERBAKKEN/FOEDE EQUITY BALANCING CALCULATION

|  | PAULA | BRIAN |
|---|---|---|
| Home ($148,750 - $100,952) | 47,798 | |
| WF Cash | 12,866 | 11,000 |
| Prudential Retirement | 3,056 | |
| WF IRA | | 2,645 |
| WF 401k | 19,281 | 19,281 |
| Skidsteer | | 3,500 |
| 2004 Ford Truck | | ----- |
| 2004 Jeep Liberty | ----- | |
|  | 83,001 | 36,426 |

$46,575\2=**$23,287.50**

1 8 6 3 0 6

| Attorneys | SIELOFF AND ASSOCIATES, P.A. | Paralegals |
|---|---|---|
| Ronald B. Sieloff | ATTORNEYS AT LAW | Shelly L. Jotblad |
| Emily E. Gleiss | Yankee Square Office III | Jaclyn M. Arens♦ |
| | 3460 Washington Drive | Heather Taylor DuCharme♦ |
| | Suite 214 | |
| Law Clerk | Eagan, Minnesota 55122 | |
| Olivia C. Cammon | Telephone: (651) 454-2000 | Enrolled Agent authorized to practice ♦ |
| | Fax: (651) 452-1240 | before the Internal Revenue Service |
| | Website: www.sielofflaw.com | |
| | Email: sieloff@sielofflaw.com | |

October 26, 2016

Mr. Brian Lerbakken          **CERTIFIED MAIL**
1431 Press Camp Road
Two Harbors, MN 55616

Re:   **Notice of Attorney's Lien**

Dear Mr. Lerbakken:

Please find enclosed and served upon you by United States certified mail the following documents:

1. UCC1 – Original Filing – UCC Financing Statement filed with the Office of the Minnesota Secretary of State; and
2. Notice of Attorney's Lien recorded with the Lake County Recorder's Office.

Very truly yours,

Justine Jotblad
*Legal Secretary*

Enclosures

lerbakken,brian/2016-fee security docs/ltr.service.10.26.16

**EXHIBIT**
C

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

TWO HARBORS, MN 55616

| | | |
|---|---|---|
| Postage | $ | 0008  43 |
| | $2.70 | |
| Certified Fee | $0.00 | Postmark |
| Return Receipt Fee (Endorsement Required) | $0.00 | Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | OCT 26 2016 |
| Total Postage & Fees | $ $6.68 | 10/26/2016 |

Sent To
Brian Lerbakken
Street, Apt. No.;
or PO Box No.  1431 Press Camp Road
City, State, ZIP+4  Two Harbors, MN 55616

PS Form 3800, August 2006          See Reverse for Instructions

*Additional Office (320) 679-4569 * 221 Union Street South, Suite 5, Mora, MN 55051
Please direct all mail and service to the Eagan office

English

# USPS.COM®

## USPS Tracking®

Still Have Questions?
Browse our FAQs ›



Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70113500000089044033

Expected Delivery Day: **Friday, October 28, 2016**

## Product & Tracking Information

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™    Return Receipt

See tracking for related item: 9590940212395246826433

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **October 28, 2016 , 11:32 am** | **Delivered, Left with Individual** | **TWO HARBORS, MN 55616** |

Your item was delivered to an individual at the address at 11:32 am on October 28, 2016 in TWO HARBORS, MN 55616.

| | | |
|---|---|---|
| October 27, 2016 , 8:23 pm | Arrived at USPS Facility | DULUTH, MN 55806 |
| October 26, 2016 , 8:34 pm | Arrived at USPS Facility | SAINT PAUL, MN 55121 |
| October 26, 2016 , 5:55 pm | Departed Post Office | SAINT PAUL, MN 55121 |
| October 26, 2016 , 3:55 pm | Acceptance | SAINT PAUL, MN 55121 |

## Track Another Package

Tracking (or receipt) number

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF LAKE                                        SIXTH JUDICIAL DISTRICT

                                                      FAMILY COURT DIVISION

In Re: The Marriage of:                               Court File No: 38-FA-14-379

Brian Allan Lerbakken,

                              Petitioner,

and                                          **AFFIDAVIT OF SERVICE**
                                      **BY UNITED STATES CERTIFIED MAIL**
Paula Jean Foede,

                              Respondent.

STATE OF MINNESOTA      )
                        ) ss.
COUNTY OF DAKOTA        )

     I, Justine Jotblad, of the City of Cottage Grove, County of Washington, in the State of Minnesota, being first duly sworn, depose and state that on October 26, 2016, I served a true and correct copy of the following documents:

1. UCC1 – Original Filing – UCC Financing Statement filed with the Office of the Minnesota Secretary of State; and
2. Notice of Attorney's Lien recorded with the Lake County Recorder's Office;

to Brian Lerbakken, the Petitioner in this action, by mailing to him a copy thereof, by First Class United States Certified Mail, enclosed in an envelope, postage prepaid, and by depositing the same in the post office at Eagan, Minnesota directed to said individual at the following address:

    Mr. Brian Lerbakken
    1431 Press Camp Road
    Two Harbors, MN 55616

                                         Justine Jotblad

Subscribed and sworn to before me
this 26th day of October, 2016.

Notary Public
lerbakken,brian/2016-fee security docs/aos.mail.attys.10.26.16



OLIVIA C. CAMMON
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

## NOTICE OF ATTORNEY'S LIEN

**NOTICE IS HEREBY GIVEN** that the undersigned, Ronald B. Sieloff, attorney at law,

of Sieloff and Associates, P.A., Suite 214, Yankee Square Office III, 3460 Washington Drive,

Eagan, Minnesota 55122, duly authorized to practice in the State of Minnesota, claims and

intends to hold a lien in the amount of $25,730.40 against the interest of Brian Allan Lerbakken

in any amounts or property awarded to Brian Allan Lerbakken and any and all payments and

disbursements to Brian Allan Lerbakken, including but not limited to Brian Allan Lerbakken's

real estate located at 1431 Press Camp Road, Two Harbors, Minnesota 55616, legally described

as:

> The South 400 feet of the East 200 feet of the Southwest Quarter
> of Southeast Quarter (SW ¼ of SE ¼), Section Nineteen (19),
> Township Fifty-three (53) North, Range Ten (10) West of the
> Fourth Principal Meridian, Lake County, Minnesota.
>
> together with all hereditaments and appurtenances.

and the equity balancing payment of $23,287.00 payable from Paula Jean Foede to Brian Allan

Lerbakken, pursuant to Paragraph 3 of the Financial Early Neutral Evaluation Settlement

Agreement dated February 17, 2015 (**Exhibit A**), as part of that certain dissolution of marriage

file of Brian Allan Lerbakken v. Paula Jean Foede, Lake County, Minnesota Court File Number

38-FA-14-379.

1

That said lien is claimed for legal services rendered from September 5, 2014 through July 12, 2016 in the amount of $25,730.40 as of September 29, 2016.

That said lien is claimed to exist on the aforesaid distribution to Brian Allan Lerbakken by and under Minn. Stat. §481.13 and the law in such case made and provided.

Dated: _10-26-2016_

SIELOFF AND ASSOCIATES, P.A.

_Ronald B. Sieloff_

Ronald B. Sieloff (0100900)
Yankee Square Office III, Suite 214
3460 Washington Drive
Eagan, Minnesota 55122
(651) 454-2000
rsieloff@siellofflaw.com

Subscribed and sworn to before me
this 26th day of October, 2016.

Notary Public

JUSTINE E. JOTBLAD
Notary Public-Minnesota
My Commission Expires Jan 31, 2021

This document was drafted by:
Ronald B. Sieloff (0100900)
Sieloff and Associates, P.A.
Yankee Square Office III, Suite 214
3460 Washington Drive
Eagan, Minnesota 55122
(651) 454-2000
rsieloff@siellofflaw.com

lerbakken, brian/2016 fee security/notice of attorney lien

2

| Attorneys | | Paralegals |
|---|---|---|
| Ronald B. Sieloff | SIELOFF AND ASSOCIATES P.A. | Shelly L. Jotblad |
| Emily E. Gleiss | ATTORNEYS AT LAW | Jaclyn M. Arens♦ |
| | Yankee Square Office III | Heather Taylor DuCharme♦ |
| | 3460 Washington Drive | |
| Law Clerk | Suite 214 | |
| Olivia C. Cammon | Eagan, Minnesota 55122 | Enrolled Agent authorized to practice ♦ |
| | Telephone: (651) 454-2000 | before the Internal Revenue Service |
| | Fax: (651) 452-1240 | |
| | Website: www.siellofflaw.com | |
| | Email: sieloff@siellofflaw.com | |

October 26, 2016

Mr. Timothy Costley
Costley & Morris, P.C.
609 1st Avenue
Two Harbors, MN 55616

Mr. Matthew Beaumier
Gerlach, Beaumier & Trogdon, LLP
Missabe Building, Suite 610
227 West First Street
Duluth, MN 55802

**Re:    Notice of Attorney's Lien**

Dear Mr. Costley and Mr. Beaumier:

Please find enclosed and served upon you by United States first class mail the following documents:

1. UCC1 – Original Filing – UCC Financing Statement filed with the Office of the Minnesota Secretary of State; and
2. Notice of Attorney's Lien recorded with the Lake County Recorder's Office.

Please be advised that you are being served the above documents because you are attorney of record in the dissolution of Brian Allan Lerbakken and Paula Jean Foede court file no: 38-FA-14-379.

Very truly yours,

Justine Jotblad
*Legal Secretary*

Enclosures

lerbakken,brian/2016-fee security docs/ltr.service.attys.10.26.16



| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF LAKE | SIXTH JUDICIAL DISTRICT |
| | FAMILY COURT DIVISION |

In Re: The Marriage of:                                    Court File No: 38-FA-14-379

Brian Allan Lerbakken,

                                   Petitioner,

and                                                        **AFFIDAVIT OF SERVICE
                                                           BY UNITED STATES MAIL**

Paula Jean Foede,

                                   Respondent.

STATE OF MINNESOTA     )
                       ) ss.
COUNTY OF DAKOTA       )

    I, Justine Jotblad, of the City of Cottage Grove, County of Washington, in the State of Minnesota, being first duly sworn, depose and state that on October 26, 2016, I served a true and correct copy of the following documents:

    1.  UCC1 – Original Filing – UCC Financing Statement filed with the Office of the Minnesota Secretary of State; and
    2.  Notice of Attorney's Lien recorded with the Lake County Recorder's Office;

to Timothy Costley, the attorney for Brian Lerbakken, the Petitioner in this action and upon Matthew Beaumier, the attoney for Paula Foede, by mailing to them a copy thereof, by First Class United States Mail, enclosed in an envelope, postage prepaid, and by depositing the same in the post office at Eagan, Minnesota directed to said attorneys at the following address:

Mr. Timothy Costley                          Mr. Matthew Beaumier
Costley & Morris, P.C.                       Gerlach, Beaumier & Trogdon, LLP
609 1st Avenue                               Missabe Building, Suite 610
Two Harbors, MN 55616                        227 West First Street
                                             Duluth, MN 55802

                                             _____
                                             Justine Jotblad

Subscribed and sworn to before me
this 26 day of October, 2016.

_____
Notary Public
lerbakken,brian/2016-fee security docs/aos.mail.attys.10.26.16

OLIVIA C. CAMMON
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

Filing Number: 911876300021
Date: 10/26/2016
Time: 12:16 PM
STATE OF MINNESOTA
Office: Office of the Minnesota
Secretary of State

# UCC1 - Original Filing - UCC Financing Statement

**RETURN ACKNOWLEDGEMENT TO:**
**Ronald Sieloff**
**3460 Washington Drive**
**Eagan, MN 55122**

## DEBTOR INFORMATION

| INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDL NAME(S), INITIAL(S) | | |
|---|---|---|---|---|
| Lerbakken | Brian | Allan | | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1431 Press Camp Road | Two Harbors | MN | 55616 | USA |

## SECURED PARTY INFORMATION

**ORGANIZATION'S NAME**
Sieloff and Associates, P.A.

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3460 Washington Drive  Suite 214 | Eagan | MINNESOTA | 55122 5512 | USA |

## COLLATERAL

$25,730.40 against the interest of Brian Allan Lerbakken in any amounts or property awarded to Brian Allan Lerbakken and any and all payments and disbursements to Brian Allan Lerbakken, including but not limited to Brian Allan Lerbakken's real estate located at 1431 Press Camp Road, Two Harbors, Minnesota 55616, legally described as:

The South 400 feet of the East 200 feet of the Southwest Quarter of Southeast Quarter (SW ¼ of SE ¼), Section Nineteen (19), Township Fifty-three (53) North, Range Ten (10) West of the Fourth Principal Meridian, Lake County, Minnesota. together with all hereditaments and appurtenances.

and the equity balancing payment of $23,287.00 payable from Paula Jean Foede to Brian Allan Lerbakken, pursuant to Paragraph 3 of the Financial Early Neutral Evaluation Settlement Agreement dated February 17, 2015, as part of that certain dissolution of marriage file of Brian Allan Lerbakken v. Paula Jean Foede, Lake County, Minnesota Court File Number 38-FA-14-379.

## ADDITIONAL INFORMATION(IF ANY)



EXHIBIT
E

FILED IN LAKE COUNTY
OFFICE OF COURT ADMINISTRATION

Ostem, Nicole
Aug 8 2017 11:17 AM

STATE OF MINNESOTA                                    DISTRICT COURT
COUNTY OF LAKE                               SIXTH JUDICIAL DISTRICT

In the Marriage of:

Brian Lerbakken,                                     **FINDINGS OF**
                                            **FACT, CONCLUSIONS OF**
            Petitioner (Husband),              **LAW, ORDER FOR**
and                                              **JUDGMENT, AND**
                                                 **JUDGMENT AND**
Paula Foede,                                          **DECREE**
            Respondent (Wife).

                                            File No. 38-FA-14-379

        The above-entitled matter came on for a court trial on April 17, 2017, before the
Honorable Michael J. Cuzzo, Judge of District Court, at the Lake County Courthouse, 601 3rd
Avenue, in the City of Two Harbors, County of Lake, State of Minnesota.

        Petitioner appeared by and through his attorney, Timothy Costley of Costley & Morris,
Two Harbors, Minnesota. Respondent appeared by and through her attorney, Matthew H
Beaumier of Gerlach, Beaumier & Trogdon, Duluth, Minnesota. Previously the parties resolved
the majority of their issues through the early neutral evaluation process. Specifically the parties
reached an agreement for all matters involving custody and parenting time of their minor child
through a settlement agreement reached through early neutral evaluation dated January 8, 2015.
Further, the parties reached an agreement concerning the majority of their financial issues
through a separate settlement agreement dated February 17, 2015. There were limited financial
issues to be addressed by this Court through the April 17, 2017 proceedings. Findings as to these
issues are included below and detailed in the attached memorandum.

        Based upon the agreements of the parties, the submissions of the attorneys, and all the
files, records, and proceedings herein, the Court makes the following:

                        **FINDINGS OF FACT**

                                I.

The names, addresses, and birth dates of the parties are:

        **PETITIONER (Husband):**
        Brian Allan Lerbakken
        1431 Press Camp Road
        Two Harbors, MN 55616
        D.O.B. 12/20/1965, age 51

        **RESPONDENT (Wife):**
        Paula Jean Foede
        1838 Highway 12

                                1



EXHIBIT
F

8-8-17

Two Harbors, MN 55616
D.O.B. 08/04/1966, age 51

Neither Husband nor Wife has been known by any other name.

The Social Security numbers of the parties and the minor child have been filed as
confidential information, consistent with the requirements of Minn. R. Gen. Prac. 313.01.

## II.

Husband is represented in this proceeding by Timothy Costley of Costley & Morris, Two
Harbors, Minnesota.

Wife is represented in this proceeding by Matthew H Beaumier of Gerlach, Beaumier &
Trogdon, Duluth, Minnesota.

## III.

Husband and Wife have resided in Minnesota 180 days prior to commencement of
this proceeding, and were residents of Lake County at the time of commencement of this
proceeding.

## IV.

The parties were married on September 20, 1997, in the City of Isanti, County of Isanti
and State of Minnesota and ever since have been and still are married.

## V.

There has been an irretrievable breakdown of the marriage relationship between the
parties. The parties have been separated since approximately mid-August, 2014.

## VI.

No separate proceeding for dissolution or legal separation is pending in any court in this
state or elsewhere, nor are the minor children of the parties under the jurisdiction of juvenile
court in this state or elsewhere.

## VII.

Neither party has been a member of the armed forces of the United States and has not
been since the pendency of this proceeding. Accordingly, the Servicemembers Civil Relief Act
of 2003 does not apply.

VIII.

There is one minor child of this marriage, namely:

ɔorn        , now in the custody of Wife.

The parties have stipulated to the custody labels, the parenting time schedule and the dispute resolution methods in the best interests of their minor child. Minnesota is the proper jurisdiction within the contemplation of the Uniform Child Custody Jurisdiction and Enforcement Act to enter an Order regarding the custody, care and control of the minor child.

IX.

The parties participated in a Social Early Neutral Evaluation on January 8, 2015, resulting in a Settlement Agreement ("SENE Agreement") resolving the custody and parenting time issues for the minor child. The SENE Agreement was adopted by Order dated October 1, 2015, with some minor modifications to parenting time exchanges and a right of first refusal. The SENE Agreement and October 1, 2015 Order are incorporated herein by reference and attached as Exhibit A.

X.

The parties also have one adult child, ʑ          ɔorn August 14, 1994 (age 22), who is not subject to this proceeding. Neither party has any minor children of other relationships not subject to this proceeding. Wife is not now pregnant.

XI.

Neither party nor the minor child in this proceeding is governed by a domestic abuse Order for Protection.

XII.

The parties have fully disclosed all of their income from employment and other sources as follows:

a. **Husband's Income.** Husband is currently unemployed due to a permanent disability. Husband receives gross monthly income in the amount of $749.00 from Social Security Disability Income. Since the initiation of the divorce proceedings, Husband also received a workers' compensations settlement, a lump sum of $270,000 (after attorney's fees), attributable to lost wages. The lump sum is the equivalent of additional monthly income of $1,050 when factoring in estimated returns (see calculations in attached memorandum). Husband's total gross monthly income is $1,799. Husband's living expenses are as listed in the attached memorandum.

3

b. **Wife's Income.** Wife is employed by Wells Fargo Bank N.A., 90 South 7th Street, Minneapolis, Minnesota 55402, as an "E-Business Systems Consultant-Level 4." Wife earns gross monthly income of $6,886.00. Wife's living expenses are as listed in the attached memorandum.

## XIII.

Child support under the Minnesota Child Support Guidelines is as calculated in the attached memorandum and child support calculations.

## XIV.

Spousal maintenance is as calculated in the attached memorandum.

## XV.

Each party has fully disclosed to the other party all of his or her assets, including any and all assets which he or she has in the name of a third person but which is under his or her control, and of these assets, their current fair market values, and any liens or security interests disclosed by either party, are as follows:

**A. Homestead.** The parties are the owners of their homestead located at 1838 Highway 12, in the City of Two Harbors, County of Lake, State of Minnesota, legally described as follows:

Southwest one-fourth of Northwest one-fourth (SW ¼ of NW ¼) EXCEPT South one-half (S ½), Section Twenty-two (22), Township Fifty-three (53), Range Eleven (11).

This property has a fair market value of approximately $148,750.00 with a current encumbrance in favor of Wells Fargo Mortgage with a remaining balance of approximately $100,952.00.

**B. Husband's Homestead.** Wife's proposed Judgment and Decree includes reference to a homestead owned by Husband. (See Section XII of Wife's proposed Judgment and Decree). However, neither the original Petition nor Husband's proposed Judgment and Decree include reference to this property. Therefore, a telephone conference will be held to determine whether further argument and/or amended findings regarding this matter are appropriate.

**C. Pensions, IRAs or other retirement benefits.** The parties have an interest in the following retirement accounts or plans:

     a.     Wife's Wells Fargo IRA;

     b.     Wife's Wells Fargo 401(k); and

     c.     Wife's Prudential Retirement Plan.

4

**D. Savings Account.** The parties are the owners of a Wells Fargo savings account which was previously divided pursuant to the FENE Agreement, with Wife receiving the sum of $12,866 and Husband receiving the sum of $11,000.

**E. Vehicles.** The parties are the owners of the following vehicles:

a.   2004 Jeep Liberty titled in Wife's name and subject to no encumbrances.
b.   2016 Ram Truck subject to no encumbrances.
c.   Victory Hammer Motorcycle subject to no encumbrances.
d.   1957 Manza subject to no encumbrances.
e.   Three snowmobiles subject to no encumbrances.
f.   1997 Camper subject to no encumbrances.

**F. Personal Property.** The parties are owners of miscellaneous personal property, household goods and furnishings, furniture and appliances. The parties shall abide by the agreement dated March 19, 2015 and attached as Exhibit C, regarding ownership of personal property items. The parties shall also abide by the Harassment Restraining Order and the agreement reached at the July 7, 2015 hearing regarding pickup of personal property items.

**G. Non-marital Property.** Wife has a non-marital interest in the following:

a.   $1,000.00 of Wife's Prudential Retirement Plan.

## XVI.

The parties have incurred miscellaneous bills and obligations during the marriage.

## XVII.

The parties participated in a Financial Early Neutral Evaluation on February 17, 2015, resulting in a Financial Early Neutral Evaluation Settlement Agreement ("FENE Agreement") resolving all financial and property settlement issues in this matter. This FENE Agreement was adopted by Order dated October 1, 2015 but the child support and spousal maintenance provisions have been modified by the Court through these proceedings. The parties shall abide by any other provisions of the FENE Agreement that have not been subsequently modified by the Court. The FENE Agreement is attached as Exhibit B, and is incorporated herein by reference, to the extent it has not been modified by further court order.

## XVIII.

The parties entered their partial agreements intending that they be full, complete and final settlement and satisfaction of any and all claims of any kind, nature, or description to which either party may be entitled or may claim to be entitled, now or in the future, against the other. Except as is expressly provided herein to the contrary, the parties should be released

5

from any and all further liability of any kind, nature or description whatsoever to the other.

**NOW THEREFORE, THE COURT MAKES THE FOLLOWING:**

## CONCLUSIONS OF LAW AND ORDER

1. **Dissolution of Marriage.** The marriage of and existing between the parties, Brian Allan Lerbakken and Paula Jean Foede, is hereby dissolved.

2. **Custody and Parenting Time.** The parties are awarded joint legal custody of their minor child,                           Joint legal custody requires the parties to share all substantial decisions relating to the education, health, safety and welfare of the minor child; each party has the right to make decisions relating to emergency medical care while the child is in that party's control; and, each party has access to school, governmental, law enforcement, and medical records and access to all other teachers, government officials, officers, doctors, and other professionals having contact with the child without consent from the other party.

    Wife is awarded sole physical custody of the parties' minor child,               born             subject to Husband's right to reasonable and liberal parenting time as set forth in the SENE Agreement and the Order of this Court dated October 1, 2015, attached as Exhibit A. Wife's residence shall be the primary residence of the child for purposes of school registration and legal matters unless otherwise agreed to. Neither party shall change the enrollment of the minor child from the Two Harbors, Minnesota school district unless otherwise agreed to by the parties.

3. **Child Support.** Husband shall pay to Wife the sum of $239.00 per month as and for child support, effective as of February 9, 2017, payable on the 1st day of each month. Child support shall continue until the occurrence of the first of the following events:

    A. When the child reaches age eighteen, or, if the child has still not reached age twenty and is still attending secondary school, then until graduation from secondary school, but not beyond the twentieth birthday;

    B. When the child marries, is emancipated or otherwise becomes self-supporting; or,

    C. Should the child die.

    The provisions of this Order supersede any other previous child support orders.

    Husband shall pay any previously unpaid child support obligation.

4. **Health Insurance for Child.** Wife shall maintain in full force and effect for the benefit of the minor child, the current level of medical, dental and optical insurance coverage

6

available through present or future employers for so long as the child is eligible for the coverage.

5. **Uninsured Medical Expenses of Child.** Pursuant to the PICS, Husband shall pay 22% and Wife shall pay 78% of the out-of-pocket costs, co-payments and deductibles incurred for medical, dental, optical, orthodontic and medical prescription expenses for their minor child. The parties' obligation to reimburse the other party for all out-of-pocket costs, co-payments, and deductibles shall continue so long as Wife is entitled to continue dependent health and dental coverage under her insurance policy for the minor child. Both parties shall be in agreement before major, non-emergency and uninsured medical, optic or orthodontia expenses are incurred.

6. **Income Tax Dependency Exemption.** Because Wife is awarded sole physical custody, she shall have the right to claim _____ as a dependency exemption for federal and state income tax purposes commencing tax year 2016 and every year thereafter.

   Neither party shall have any right to claim the child as a dependency exemption except as stated above.

7. **Spousal Maintenance.** Husband is awarded permanent spousal maintenance in the sum of $400 per month, commencing September 1, 2017 and payable on the 1st each month thereafter. Husband is awarded an additional $200 per month in spousal maintenance, for as long as he is obligated to pay child support for the parties' minor child. See the attached memorandum for calculations and findings regarding spousal maintenance. Wife's spousal maintenance obligation shall continue until such time as Husband remarries, or until the death of either party, whichever occurs sooner. Cost of living adjustments shall apply pursuant to the provisions of Minn. Stat. § 518A.75, or any amendments thereto.

8. **Health Care Coverage.** The parties waive all right to health care insurance coverage available to them under the other party's health care insurance plans, if any. Each party shall be solely responsible to provide for their own health and dental insurance.

9. **Homestead.** The homestead of the parties located at 1838 Highway 12, in the City of Two Harbors, County of Lake, State of Minnesota, legally described as follows:

   Southwest one-fourth of Northwest one-fourth (SW ¼ of NW ¼) EXCEPT South one-half (S ½), Section Twenty-two (22), Township Fifty-three (53), Range Eleven (11).

is awarded to Wife, who shall be solely responsible for payment of the mortgage on the homestead, together with insurance, taxes, maintenance and utilities, and Wife shall hold Husband harmless therefrom.

Immediately upon entry of this Judgment and Decree herein, Husband shall execute a Quit Claim Deed drafted by Wife's attorney conveying Husband's interest in the property to Wife. If Husband fails to execute proper documents, recording a certified copy of this Judgment and Decree shall operate to effectuate the transfer. Husband's and Wife's counsel shall cooperate in the prompt entry of a Summary Real Estate Disposition Judgment if requested by Wife. In the event there is any technical error or omission made in describing the legal title or description to any of the real property referenced herein, the parties are required to make, execute, and deliver to each other any and all documents necessary to correct any such error or omission.

10. **Husband's Homestead.** A telephone scheduling conference will be set to determine whether further argument and/or amended findings regarding this matter are appropriate regarding Husband's home which was referenced in Wife's proposed Judgment and Decree.

11. **Pension and Profit Sharing Plans.** Pursuant to the terms of the FENE Agreement stipulated to by the parties and attached as Exhibit B:

   a. Wife is awarded all interest of the parties in her Prudential Retirement Plan, free from any interest of Husband in said plan.

   b. Husband is awarded all interest of the parties in Wife's Wells Fargo Traditional IRA, free from any interest of Wife in said plan.

   c. Husband is awarded the sum of $19,281.45 from Wife's Wells Fargo 401(k) plan, adjusted for any gains or losses from February 17, 2015 to present.

   d. Husband's attorney shall prepare the Qualified Domestic Relations Orders for his interest in the IRA and 401(k) plans awarded herein.

12. **Financial Accounts.** The parties are awarded all interest in their respective bank and other financial accounts, free from any interest of the other party, including the value of any balance increase in said accounts after the date of separation.

13. **Husband's Workers Compensation Claim.** This asset is hereby awarded as set forth in this Court's Order dated April 14, 2017.

14. **Life Insurance.** The parties are awarded all interest in their respective life insurance policies, free from any interest of the other party.

15. **Automobiles.** Wife is awarded the 2004 Jeep Liberty automobile and shall assume and pay, and hold Husband harmless from, all liens and encumbrances due thereon.

Husband is awarded the 2004 Ford F-150 Heritage automobile and shall assume and pay, and hold Wife harmless from, all liens and encumbrances due thereon.

8

Both parties shall execute all documents necessary to transfer title of the above-named vehicles awarded herein. Should any party fail to cooperate in the transfer of title, this Judgment and Decree shall be considered an Order directing the Minnesota Department of Public Safety to transfer title to the party designated as owner herein.

16. **Personal Property.** Personal property is awarded pursuant to the FENE Agreement attached as Exhibit B and the March 19, 2015 property settlement agreement attached as Exhibit C. Husband has 75 days from the date of entry of this Judgment and Decree to remove his personal property from the homestead.

17. **Debts.** There are no marital debts remaining for division.

18. **Release.** Except as otherwise provided, each party is released from all claims and rights of the other party as follows:

    a. To share, as a result of the marital relationship, in the other party's estate upon the latter's death, including any rights accruing to either party under any ERISA plan;

    b. To act as personal administrator in the estate of the other; to any right of dower, election, exemption, or maintenance from, to, or against the estate of the other; or

    c. To any other property right, benefit or privilege in or from the property of the other. Further, except as otherwise provided, each party is released and discharged from any and all claims or demands of every nature of the other party to the date of entry of this Judgment and Decree.

19. **Attorney's Fees.** The parties are responsible for their own attorney's fees and expenses incurred in this matter.

20. **Property Settlement.** In consideration of all the terms and conditions of this Final Decree and the parties' FENE Agreement, Wife shall pay to Husband the sum of $3,712, cash, as a final and in full settlement of all claims Husband has against Wife which arose as a result of the marriage. See the attached memorandum for calculation of this final amount. That the sum shall be paid on or before 120 days of the date of entry of this judgment and pursuant to the FENE Agreement, if not timely paid interest shall commence on day 121 at the rate of 4% per annum and shall become a judicial lien on the homestead awarded to Wife.

21. **Undisclosed Assets.** In the event there are assets of value discovered after entry of the Judgment and Decree, those assets are to be divided equitably between the parties. If those assets of value are the subject of future court proceedings, then the party having failed to disclose such assets of value shall be responsible for all attorneys' fees and costs incurred by the other party in any such proceedings.

9

22. **Other Property.** That, except as otherwise provided herein, all other property, both real and personal, now in the possession of, or titled in, the name of Wife, shall be owned by Wife without any claim, right, title or interest of Husband in and to the same.

That, except as otherwise provided herein, all other property, both real and personal, now in the possession of, or titled in, the name of Husband, shall be owned by Husband without any claim, right, title or interest of Wife in and to the same.

23. **Cooperation and Compliance.** The parties shall execute any instrument of conveyance or transfer or other instrument required to effectuate the terms of this Judgment and Decree. In the absence of such instrument of conveyance, a certified copy of this Judgment and Decree shall serve as, and have the legal effect of, such instrument of conveyance. If either party fails to fulfill any of the obligations required by this Judgment and Decree, including the obligation to vacate the homestead, the other party shall be entitled to recover any attorney's fees and costs incurred in obtaining compliance or enforcement.

24. **Service of Decree.** Service of a copy of this Judgment and Decree may be made upon the attorney for the other party, by United States Mail, and the same shall be in lieu of personal service upon a party.

25. **Discharge of Attorneys.** Sixty one (61) days after filing of this Judgment and Decree, all attorneys of record will be automatically discharged without further notice.

26. **Request for Review Hearing.** Each party has the right to a review hearing within six months after entry of the decree of dissolution or legal separation or order that initially establishes child custody, parenting time or child support. The form necessary to request a hearing is attached. Minn. Stat. § 518.1781 sets forth the procedure to follow to request this hearing.

27. **Attachments.** The attached memorandum, interest calculations, child support calculations, exhibits, and Appendix A are incorporated herein by reference.

28. **Waiver of Automatic Stay.** Rule 125 automatic stay of entry of judgment is waived and judgment is to be entered immediately.

## ORDER FOR JUDGMENT

NOTWITHSTANDING GEN. R. PRAC. 125, LET JUDGMENT BE ENTERED IMMEDIATELY.

BY THE COURT:

Cuzzo, Michael
Aug 8 2017 11:08 AM

Honorable Michael J. Cuzzo
Judge of District Court

10

I certify that the above Conclusions of Law constitute the Judgment and Decree of the Court. IT IS HEREBY ADJUDGED THAT JUDGMENT IS ENTERED AS STATED ABOVE. DECREE ENTERED AND JUDGMENT ROLL FILED THIS _____ DAY OF _____, 2017.

District Court Administrator

By: _____    Ostern, Nicole
                                 Aug 8 2017 11:27 AM
    Deputy

11

## MEMORANDUM

The remaining issues to be addressed by the Court include: 1) Spousal maintenance; 2) Calculation of child support; 3) Retroactivity of child support; and 4) Property settlement adjustment.

The signed settlement agreement from the parties' February 17, 2015 financial early neutral evaluation ("FENE") provided that Wife would pay Husband $1,200 per month in spousal maintenance. The agreement provided that "[m]aintenance shall be payable until [Husband] remarries, either party dies, or further order of the court." The agreement also provided that Husband would pay Wife $260 per month in child support for the parties' joint minor child. The agreement was adopted by this Court's October 5, 2015 Order.

The FENE agreement has been attached as Exhibit B. However, the child support and maintenance provisions have been adjusted following Husband's workers compensation settlement, which had not been addressed at the time of the FENE. Therefore, the FENE agreement is incorporated herein by reference, to the extent it has not been modified by further court order.

*Spousal Maintenance*

This Court's April 8, 2016 Order temporarily suspended Wife's spousal maintenance obligation, pending further proceeding. The Order was issued because Husband had recently received a $300,000 workers compensation settlement ($270,000 after attorney's fees). The Court indicated that "at least a portion of the settlement proceeds may be attributable to past due workers compensation wage loss benefits to which [Wife] may have a claim, or that a portion may be attributable to future wage loss benefits, which may justify consideration in determination of child support and spousal maintenance."

By its April 7, 2017 Order, the Court determined that Husband's entire workers compensation settlement, except for attorney's fees, constituted wage loss benefits. The Court determined that the marital share of the settlement is $39,150 (the portion attributable to wage loss benefits from the date that Husband's claim arose to the date of the June 8, 2016 pre-trial in this matter). The Court determined that the non-marital share of the settlement is $230,850, representing wage loss benefits from the date of the pre-trial through the remainder of Husband's life expectancy.

Wife claims that Husband's workers compensation settlement constitutes a change of circumstances justifying a modification of permanent spousal maintenance. Wife argues that Husband now has no need for any spousal maintenance, and that she therefore should not be required to pay any spousal maintenance.

The portion of the settlement representing future wage loss benefits is considered as a source of income when determining Wife's spousal maintenance obligation. The Court's April 7, 2017 Order determined that $230,850 of the settlement was non-marital property, attributable to wage loss benefits from the time of the pre-trial through the remainder of Husband's life

12

expectancy. At the time of the pre-trial, Husband's life expectancy was 382 months. Simply dividing $230,850 by 382 months, however, does not produce an accurate estimate of Husband's monthly income from the settlement, as the balance can be invested and can accrue returns. Assuming a 6% annual return, and also allowing for a 2% annual increase the amount of monthly withdrawals, the $230,850 sum can generate approximately $1,050 per month in income. See, e.g., the attached calculations from one of a number of financial/cash flow calculators available online.

Therefore, Husband's monthly income is as follows:

> $749   Social Security
> $1,050 Workers compensation settlement funds attributable to wage loss benefits
> **$1,799 Total**

Husband's claimed monthly expenses are as follows:

> $276 Transportation
> $200 Uninsured Medical and Dental Expenses
> $93 Homeowner's/Rental Insurance
> $107 Cable TV/Internet
> $40 Property Taxes
> $138 Car Insurance
> $318 Heating/Electric/Trash removal
> $150 Clothing/Grooming/Personal care
> $400 Food
> $150 Cell Phone
> $200 Home Maintenance
> $275 Horse boarding/lessons, feed
> $143 Wells Fargo credit card
> $250 Recreation/travel/family fun/gifts
> **$2,740 Total**

The expense claimed for "horse boarding/lessons, feed" is an expense used for a hobby and not a necessary living expense. Husband has not provided sufficient justification of why the credit card bill, payment of which would go toward previously incurred expenses, should be considered as an ongoing monthly expense. The Court finds that $100 of the $250 claimed for "Recreation/travel/family fun/gifts" is discretionary and goes beyond what can be considered reasonable minimum living expenses. Therefore, the Court is lowering Husband's listed monthly expenses by $518 ($275 + $143 + $100), to $2,222. However, in addition to the expenses listed by Husband, he will also be required to pay child support of $239 per month as calculated below. Therefore, Husband has a **monthly need of $662** ($239 child support + $2,222 other expenses - $1,799 income).

Wife's monthly income is as follows:

**$6,886 Gross Income**

13

-$1,243.90 Federal Income Tax
-$395.74 State Income Tax
-$452.34 Health Care/Medical
-$64.35 Dental Coverage
-$79.29 Full Purpose FSA
-$87.41 Fed MED/EE
-$373.71 Fed OASDI/EE
-$11.87 Legal Services
-$1.32 Dependent Term Life
-$12.51 Optional LTD
**$4,163.56 Net Take Home Pay**

Wife's claimed monthly expenses are as follows:

$870 Rent/Mortgage Payment
$800 Transportation
$550 Uninsured Medical and Dental Expenses
$135 Homeowner's/Rental Insurance
$105 Cable TV/Internet
$150 Car Insurance
$325 Heating & Electric
$200 Clothing
$650 Food
$200 Telephone (Cell and Landline)
$30 Child Care Payments/School
$100 Contributions to 401k
$50 Contributions to           college fund (the parties'                    )
$200 Home Maintenance
$55 Student loan for oldest daughter (the parties'                     )
**$4,420 Claimed Total**

The $100 monthly contribution to Wife's 401k goes beyond a necessary living expense. The $55 contribution to the oldest daughter's student loan is discretionary, as the daughter is now an adult. The Court finds that Wife's expenses could be further lowered by approximately $700, as the amounts claimed for transportation, telephone, and food appear higher than the minimum necessary payments for those items (although the Court recognizes that the telephone and food expenses would still be relatively high, because Wife requires a landline for her employment, and has dietary restrictions requiring a higher food budget). Therefore, the Court is lowering Wife's monthly expenses by $855 ($100 + $55 + $700), to $3,565. Wife has a **potential monthly surplus of $598.56** ($4,163.56 take home pay - $3,565 expenses).

Both parties have listed monthly expenses in excess of their monthly income. However, Husband is more restricted because of his lower income and his disability. Husband can use his workers compensation settlement to generate income, but that will still leave him with a shortfall. Husband has established a need for spousal maintenance pursuant to Minn. Stat. § 518.552, subd. 1(b), because he is unable to provide adequate self-support, after considering the

14

standard of living established during the marriage and all relevant circumstances, through appropriate employment. While both parties may have a slight monthly shortfall, even after payment of spousal maintenance, both appear to have additional resources that they can use to meet this shortfall (e.g. the marital portions of the workers compensation settlement, multiple vehicles, items of personal property), or alternatively, both parties could minimize certain expenses.

The Court has considered the factors of Minn. Stat. § 518.552, subd. 2 in determining the amount and duration of spousal maintenance. Especially relevant are the following factors:

*The financial resources of the party seeking maintenance, including marital property apportioned to the party, and the party's ability to meet needs independently . . .*

Even when considering Husband's workers compensation settlement, along with estimated returns, Husband will have a limited amount of income, due to his disability.

*The duration of the marriage . . .*

This has been a long-term marriage, lasting almost 20 years.

*The age, and the physical and emotional condition of the spouse seeking maintenance.*

Husband is disabled and is unable to work due to his physical condition.

*The ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking maintenance.*

Wife could potentially have a monthly surplus by lowering certain expenses, and therefore has the ability to pay a reasonable amount in spousal maintenance.

Wife shall pay to Husband **$400 per month** in permanent spousal maintenance, plus **an additional $200 per month** until Husband is no longer obligated to pay child support (see below for conditions which trigger cessation of child support). Wife's spousal maintenance obligation shall end at such time as Husband remarries, or at the death of either party, whichever occurs sooner. Cost of living adjustments shall apply pursuant to the provisions of Minn. Stat. § 518A.75, or any amendments thereto.

*Child Support Calculation*

The parties each submitted child support proposals. The main differences in the proposals were the amount used for Husband's monthly income and the amount used for Wife's spousal

15

maintenance obligation. The Court has calculated child support using the above figures for the parties' respective income, expenses, and spousal maintenance award.

Another minor difference in the parties' child support proposals is the amount spent by Wife for health care and dental coverage for the joint minor child. Wife claims that she spends $133 per month for health care coverage and $29 per month for dental coverage for the joint child. Husband claims that Wife only spends $58 per month for health care coverage and $17 per month for the joint child. However, Wife submitted documents from her employer supporting her claimed amounts. Therefore, those amounts have been used in the guidelines worksheet. The guideline child support calculations are attached for reference. Pursuant to the child support guidelines, Husband shall pay Wife **$239 per month** in child support. This obligation shall continue until the occurrence of the first of the following events:

A.  When the child reaches age eighteen, or, if the child has still not reached age twenty and is still attending secondary school, then until graduation from secondary school, but not beyond the twentieth birthday;

B.  When the child marries, is emancipated or otherwise becomes self-supporting; or,

C.  Should the child die.

*Retroactivity of Child Support*

Wife claims that Husband has not made any child support payments since December, 2016. Therefore, Wife requests that child support be retroactively awarded from January, 2017 onward. Husband notes that this Court's April 8, 2016 Order suspended Wife's spousal maintenance obligation. Husband argues that the $260 per month child support amount from the FENE agreement considered Wife's $1,200 per month spousal maintenance obligation. Husband therefore argues that his child support obligation be reduced retroactive to April 8, 2016, and that he be given credit for any excess payments made after that date.

Husband's modified child support obligation is only $21 per month lower than his previous obligation. Furthermore, the suspension of spousal maintenance took into account the fact that Husband had received the workers compensation settlement (marital and non-marital portions). Because Husband received this additional income, and because the difference between the previous child support rate and the rate ultimately determined is *de minimus*, Husband's request for retroactive modification is denied. The modified child support obligation of $239 is effective as of February 9, 2017 (the date at which Husband requested modification). Husband shall pay Wife any arrearages incurred from unpaid child support payments.

*Property Settlement Adjustment*

Pursuant to the parties' February 17, 2015 financial early neutral evaluation, Wife is required to pay Husband the sum of $23,287 as an equity balancing payment. Pursuant to this Court's April 7, 2017 Order, Wife is entitled to $19,575 as her marital portion of Husband's

16

October 2015 workers compensation settlement. Therefore, the parties are in agreement that Wife's equity balancing payment be reduced to $3,712 ($23,287 - $19,575). Pursuant to the agreement, Wife shall pay Husband the sum of $3,712 as an equity balancing payment.

*Husband's Homestead*

Wife's proposed Judgment and Decree includes reference to a homestead owned by Husband. (See Section XII of Wife's proposed Judgment and Decree). However, no reference is made to this property in the original Petition filed by Husband, or in Husband's proposed Judgment and Decree. As a result, the Court will set a telephone conference to determine whether further argument and/or amended findings regarding this matter are appropriate.

MJC/jkp

17

**APPENDIX A**

NOTICE IS HEREBY GIVEN TO THE PARTIES:

I. **PAYMENTS TO PUBLIC AGENCY.** According to Minnesota Statutes, Section 518A.50, payments ordered for maintenance and support must be paid to the Minnesota child support payment center as long as the person entitled to receive the payments is receiving or has applied for public assistance or has applied for support and maintenance collection services. Parents mail payments to: **MN Child Support Payment Center, P.O. Box 64326, St. Paul, MN 55164-0326.** Employers mail payments to: **P.O. Box 64306, St. Paul, MN 55164.**

II. **DEPRIVING ANOTHER OF CUSTODIAL OR PARENTAL RIGHTS - A FELONY.** A person may be charged with a felony who conceals a minor child or takes, obtains, retains, or fails to return a minor child from or to the child's parent (or person with custodial or visitation rights), pursuant to Minnesota Statutes, Section 609.26. A copy of that section is available from any court administrator.

III. **NON-SUPPORT OF A SPOUSE OR CHILD - CRIMINAL PENALTIES.** A person who fails to pay court-ordered child support or maintenance may be charged with a crime, which may include misdemeanor, gross misdemeanor, or felony charges, according to Minnesota Statutes, Section 609.375. A copy of that section is available from any district court clerk.

IV. **RULES OF SUPPORT, MAINTENANCE, PARENTING TIME.**

A.    Payment of support or spousal maintenance is to be as ordered, and the giving of gifts or making purchases of food, clothing, and the like will not fulfill the obligation.

B.    Payment of support must be made as it becomes due, and failure to secure or denial of parenting time is NOT an excuse for nonpayment, but the aggrieved party must seek relief through a proper motion filed with the court.

C.    Nonpayment of support is not grounds to deny parenting time. The party entitled to receive support may apply for support and collection services, file a contempt motion or obtain a judgment as provided in Minnesota Statutes, Section 548.091.

D.    The payment of support or spousal maintenance takes priority over payment of debts and other obligations.

E.    A party who accepts additional obligations of support does so with the full knowledge of the party's prior obligation under this proceeding.

F.    Child support or maintenance is based on annual income, and it is the responsibility of a person with seasonal employment to budget income so that payments are made throughout the year as ordered.

G.    *A Parental Guide to Making Child-Focused Parenting-Time Decisions* is available from any court administrator.

H.    The nonpayment of support may be enforced through the denial of student grants; interception of state and federal tax refunds; suspension of driver's, recreational, and occupational licenses; referral to the department of revenue or private collection agencies; seizure of assets, including bank accounts and other assets held by financial institutions; reporting to credit bureaus; interest charging, income withholding and contempt proceedings; and other enforcement methods allowed by law.

I.    The public authority may suspend or resume collection of the amount allocated for child care expenses if the conditions of Minnesota Statutes, Section 518A.40, subdivision 4, are met.

J.    The public authority may remove or resume a medical support offset if the conditions of Section 518A.41, subdivision 16, are met.

V. **MODIFYING CHILD SUPPORT.** If either the obligor or obligee is laid off from employment or receives a pay reduction, child support may be modified, increased or decreased. Any modification will only take effect when it is ordered by the court, and will only relate back to the time that a motion is filed. Either the obligor or obligee may file a motion to modify child support, and may request the public agency for help. **UNTIL A MOTION IS FILED, THE CHILD SUPPORT OBLIGATION WILL CONTINUE AT THE CURRENT LEVEL. THE COURT IS NOT PERMITTED TO REDUCE SUPPORT RETROACTIVELY.**

VI. **PARENTAL RIGHTS FROM MINNESOTA STATUTES, SECTION 518.17, SUBDIVISION 3a. UNLESS OTHERWISE PROVIDED BY THE COURT:**
1. Right of access to, and to receive copies of, school, medical, dental, religious training, police reports, and other important records and information about the minor children.
2. Right of access to information regarding health or dental insurance available to the minor children.
3. Right to be informed by the other party as to the name and address of the school of attendance of the minor children.
4. Right to be informed by school officials about the children's welfare, educational progress and status, and to attend school and parent-teacher conferences.  The school is not required to hold a separate conference for each party, unless attending the same conference would result in violation of a court order prohibiting contact with a party.
5. Right to be notified by the other party of an accident or serious illness of a minor child, including the name of the health care provider and the place of treatment.
6. Right to be notified by the other party if the minor child is the victim of an alleged crime, including the name of the investigating law enforcement officer or agency.  There is no duty to notify if the party to be notified is the alleged perpetrator.
7. Right to reasonable access and telephone or other electronic contact with the minor children.

VII. **WAGE AND INCOME DEDUCTION OF SUPPORT AND MAINTENANCE.** Child support and/or spousal maintenance may be withheld from income, with or without notice to the person obligated to pay, when the conditions of Minnesota Statutes, Section 518A.53, have been met. A copy of that section is available from any court administrator.

VIII. **CHANGE OF ADDRESS OR RESIDENCE.** Unless otherwise ordered, each party shall notify the other party, the court and the public authority responsible for collection, if applicable, of the following information within ten days of any change: residential and mailing address, telephone number, driver's license number, social security number, and name, address, and telephone number of the employer.

IX. **COST OF LIVING INCREASE OF SUPPORT AND MAINTENANCE.** Child support and/or spousal maintenance may be adjusted every two years based upon a change in the cost of living (using the U.S. Department of Labor, Bureau of Labor Statistics, Consumer Price Index Mpls. St. Paul, for all urban consumers (CPI-U), unless otherwise specified in this order) when the conditions of Minnesota Statutes, Section 518A.75, are met. Cost of living increases are compounded. A copy of Minnesota Statutes, Section 518A.75, and forms necessary to request or contest a cost of living increase are available from any court administrator.

X. **JUDGMENTS FOR UNPAID SUPPORT; INTEREST. ACCORDING TO MINNESOTA STATUTES, SECTION 548.091.**

A. If a person fails to make a child support payment, the payment owed becomes a judgment against the
person responsible to make the payment by operation of law on or after the date the payment is due, and
the person entitled to receive the payment or the public agency may obtain entry and docketing of the
judgment **without notice** to the person responsible to make the payment.
B. Interest begins to accrue on a payment or installment of child support whenever the unpaid amount due is greater than the current support due.

XI. **JUDGMENTS FOR UNPAID MAINTENANCE.** A judgment for unpaid spousal maintenance may be entered and docketed when the conditions of Minnesota Statutes, Section 548.091, are met. A copy of that section is available from any court administrator.

XII. **ATTORNEY FEES AND COLLECTION COSTS FOR ENFORCEMENT OF CHILD SUPPORT.** A judgment for attorney fees and other collection costs incurred in enforcing a child support order will

be entered against the person responsible to pay support when the conditions of Minnesota Statutes, Section 518A.735, are met. A copy of that section and forms necessary to request or contest these attorney fees and collection costs are available from any court administrator.

XIII. **PARENTING TIME EXPEDITOR PROCESS.** On request of either party or on its own motion, the court may appoint a parenting time expeditor to resolve parenting time disputes under Minnesota Statutes, Section 518.1751. A copy of that section and a description of the expeditor process is available from any court administrator.

XIV. **PARENTING TIME REMEDIES AND PENALTIES.** Remedies and penalties for the wrongful denial of parenting time are available under Minnesota Statutes, Section 518.175, subdivision 6. These include compensatory parenting time; civil penalties; bond requirements; contempt; and reversal of custody. A copy of that subdivision and forms for requesting relief are available from any court administrator.

(SCAO

rev. 08/01/07)

## SIX MONTH REVIEW HEARING REQUEST INSTRUCTIONS

You have the right to request a review hearing within six months after entry of a decree of dissolution or legal separation or order that initially establishes child custody, parenting time, or child support. Minn.Stat. §518.1781.

**Purpose of Review Hearing:** The purpose of the review hearing is to make certain parties are following the court order regarding parenting time and the payment of child support. The review hearing is NOT an opportunity to present any other issues or to ask the court to establish or modify custody, parenting time, or support. The court CAN ONLY review parenting time and child support provisions as already established in the order. If there is no court ordered parenting time or child support, the court CANNOT create a parenting plan, establish parenting time, or child support at this review hearing. A petition or motion asking for any other type of relief from the court must be served and filed separately from this request. You may wish to contact an attorney for more information regarding any other type of relief.

**Instructions to the Party Requesting the Review Hearing:** If you decide to request a review hearing, you must do the following within six months from the date of entry of the order or decree:

- Remove this cover page and complete the Request for Hearing form. Make enough copies of the form and have it served upon all parties, including the County Attorney's office, if the county child support enforcement agency (public authority) is a party to the case. Keep a copy of the form for yourself.

**NOTE:    YOU CANNOT HAND DELIVER OR MAIL THE REQUEST FOR HEARING YOURSELF. YOU MUST HAVE SOMEONE ELSE OVER THE AGE OF 18 WHO IS NOT A PARTY TO THE CASE HAND DELIVER OR MAIL THE REQUEST FOR HEARING FOR YOU.**

- Return the completed original Request for Hearing form and a completed Affidavit of Service form to Court Administration in the county listed on top of the Request for Hearing form. Court Administration will schedule a hearing and send all parties notice of the hearing date, time and location.

**Proof of Child Support Payment:** The person who pays support has to provide proof of all the child support payments he/she made. If a party is receiving public assistance or child support enforcement services from the county child support enforcement agency, either party may request that the county child support enforcement agency provide payment information to the parties and the court. Any request to the county child support enforcement agency must be made **at least 14 days before the hearing date.**

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF LAKE                            SIXTH JUDICIAL DISTRICT
                                         Case Type: 4. Diss. w/children
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
In Re the Marriage of:                   COURT FILE NO: 38-FA-14-379

BRIAN ALLAN LERBAKKEN,

            Petitioner,

      and

PAULA JEAN FOEDE,

            Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REQUEST FOR SIX MONTH REVIEW HEARING**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
Check the box or boxes that apply:

CHILD SUPPORT:

☐   The other party is not paying child support as ordered. (*Briefly
    explain*).

    _____
    _____
    _____

PARENTING TIME PROVISIONS:

☐   The other party has not complied with the court ordered parenting
    time as follows:

    _____
    _____
    _____

Dated: _____      _____
                                     Signature
                                     Print Name:_____
                                     Address:_____
                                     City/State:_____
                                     Telephone:_____

Child Support Guidelines Worksheet

# Child Support Guidelines Worksheet

| | | | |
|---|---|---|---|
| Parent A: Brian Lerbakken | IV-D Case Number: | | Number of Joint Children: 1 |
| Parent B: Paula Foede | Court File Number: 38-FA-14-379 | | Date: 8/7/2017 |

| | | Parent A | Parent B | Combined |
|---|---|---|---|---|
| **Income** | 1a. Monthly Income Received | $1799 | $6886 | ---- |
| | 1b. Child(ren)'s Social Security/Veterans' Benefits Derived From a Parent's Eligibility | $0 | $0 | ---- |
| | 1c. Potential Income | $0 | $0 | ---- |
| | 1d. Spousal Maintenance Orders Obligated to be Paid | $0 | $400 | ---- |
| | 1e. Child Support Order(s) Obligated to be Paid for Nonjoint Child(ren) | $0 | $0 | ---- |
| | 1f. Monthly Gross Income (1a+1b+1c-1d-1e) | $1799 | $6486 | ---- |
| **Adjustments** | 2a. Number of Nonjoint Child(ren) in the Home (Maximum number allowed is 2) | 0 | 0 | ---- |
| | 2b. Deduction for Nonjoint Child(ren) in the Home | $0 | $0 | ---- |
| | 3. Parental Income for Determining Child Support (PICS) | $1799 | $6486 | $8285 |
| | 4. Percentage Share of Combined PICS | 22% | 78% | ---- |
| | 5. Combined Basic Support Obligation | ---- | ---- | $1056 |
| | 6. Pro Rata Basic Support Obligation | $232 | | ---- |
| **Basic Child Support Obligation** | 7. Basic Support Obligation After Parenting Expense Adjustment (if applicable) | $204 | | ---- |
| **Child Care Obligation** | 8. Child Care Support Obligation for Joint Child(ren) | | | ---- |
| **Medical Support Obligation** | 9a. Monthly Cost of Health Care Coverage for Joint Child(ren) | $0 | $133 | ---- |
| | 9b. Pro Rata Share of Health Care Coverage Costs | $29 | $104 | ---- |
| **Appropriate Coverage Available** | 9c. Contribution to Health Care Coverage | $29 | | ---- |
| | 9d. Monthly Cost of Dental Coverage for Joint Child(ren) | $0 | $29 | ---- |
| | 9e. Pro Rata Share of Dental Coverage Costs | $6 | $23 | ---- |
| | 9f. Contribution to Dental Coverage | $6 | | ---- |
| | 9g. Medical Support Obligation-Appropriate Coverage Available | $35 | | ---- |
| **No Appropriate Insurance Available** | 10. Medical Support Obligation for Public Coverage | | | ---- |
| **Uninsured/Unreimbursed Expenses** | 11. Share of Uninsured and/or Unreimbursed Medical Expenses | 22% | 78% | ---- |
| | 12. Net Child Support Obligation | $239 | $0 | ---- |
| **Benefits Adjustment** | 13. Child(ren)'s Social Security/Veterans' Benefits Derived from Parent's Eligibility | | | ---- |
| **Computing a Final Obligation** | 14. Total Child Support Obligation | $239 | $0 | ---- |
| | 15a. Monthly Gross Income | $1799 | $6486 | ---- |
| **Ability to Pay Calculation** | 15b. Income Available for Support | $593 | $5280 | ---- |
| | 16. Monthly Child Support Obligation - No Adjustment Necessary | $239 | $0 | ---- |
| | 17. Amount of Reduction | $0 | $0 | ---- |

| | | | | |
|---|---|---|---|---|
| **Child Support Obligation Adjustment** | 18. Medical Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 19. Child Care Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 20. Basic Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 21. Monthly Child Support Obligation After Adjustment | | | ---- |
| **Presumptive Minimum Order/Basic Support Only** | 22a. Presumptive Minimum Order for 1 or 2 Joint Children | | | ---- |
| | 22b. Presumptive Minimum Order for 3 or 4 Joint Children | | | ---- |
| | 22c. Presumptive Minimum Order for 5 or More Joint Children | | | |

*Disclaimer: The child support guidelines worksheet, instructions, and calculator are for information and educational use only and are not a guarantee of the amount of child support that will be ordered. The results obtained are only as accurate as the information used. The actual child support order may be affected by other factors. The Court has the final authority to determine the amount of the child support order. If this worksheet is attached to a court order, it is part of the Court's decision. This worksheet may or may not show the amount the Court decided to order. If the amount in the order is different, that is the amount to be paid.*

# Parenting Expense Adjustment Supplement

**Parent A:** Brian Lerbakken     **IV-D Case Number:**      **Number of Joint Children:** 1
**Parent B:** Paula Foede      **Court File Number:** 38-FA-14-379     **Date:** 8/7/2017

|  | Parent A | Parent B | Combined |
|---|---|---|---|
| 1. Percentage of Parenting Time | 10% - 45% | 55% - 90% | ---- |
| 2. Basic Support Obligation | $232 | | $1056 |
| 3a. Percentage of Parenting Time Between 0% and 45% | 12% | | ---- |
| 3b. Amount of Adjustment for Parenting Time | $28 | | ---- |
| 3c. Obligation after Parenting Expense Adjustment | $204 | | ---- |
| 4a. Percentage of Parenting Time is at Least 45.1% for Both Parents | ---- | ---- | |
| 4b. Each Parent's Percentage Share of Combined PICS | | | ---- |
| 4c. Each Parent's Pro Rata Basic Support Obligation | | | ---- |
| 4d. Obligation after Parenting Expense Adjustment | | | ---- |

*Disclaimer: The child support guidelines worksheet, instructions, and calculator are for information and educational use only and are not a guarantee of the amount of child support that will be ordered. The results obtained are only as accurate as the information used. The actual child support order may be affected by other factors. The Court has the final authority to determine the amount of the child support order. If this worksheet is attached to a court order, it is part of the Court's decision. This worksheet may or may not show the amount the Court decided to order. If the amount in the order is different, that is the amount to be paid.*

# Child Care Support Obligation Supplement

**Parent A:** Brian Lerbakken

**Parent B:** Paula Foede

**Number of Joint Children:** 1

| | Parent A | Parent B |
|---|---|---|
| 1. PICS | $1799 | $6486 |
| 2a. Monthly Cost of Child Care for Joint Child(ren) | $0 | $0 |
| 2b. Number of Child(ren) Receiving Child Care | | |
| 2c. Cost of Child Care to be Applied to Tax Tables | | |
| 3. Federal Child Care Credit Percentage | | |
| 4. Estimated Monthly Federal Child Care Credit | | |
| 5. Minnesota Child Care Maximum Allowable Credit | | |
| 6. Estimated Monthly Minnesota Child Care Credit | | |
| 7. Total Estimated Tax Credits | | |
| 8. Net Child Care Cost | | |
| 9. Percentage Share of Combined PICS | 22% | 78% |
| 10. Pro Rata Share of Net Child Care Cost | | |
| 11. Child Care Support Obligation if any Joint Child is Covered by Child Care Assistance and Parent A Meets Income Limits for Child Care Assistance | | |

*Disclaimer: The child support guidelines worksheet, instructions, and calculator are for information and educational use only and are not a guarantee of the amount of child support that will be ordered. The results obtained are only as accurate as the information used. The actual child support order may be affected by other factors. The Court has the final authority to determine the amount of the child support order. If this worksheet is attached to a court order, it is part of the Court's decision. This worksheet may or may not show the amount the Court decided to order. If the amount in the order is different, that is the amount to be paid.*

ChildSupportGuidelinesWorksheet

# Child Support Summary

**Parent A:** Brian Lerbakken
**Parent B:** Paula Foede

**Number of Joint Children:** 1
**Date:** 8/7/2017

|  | Parent A | Parent B |
|---|---|---|
| Basic Support Obligation Amount | $204 | $0 |
| Child Care Support Obligation Amount | $0 | $0 |
| Medical Support Obligation Amount | $35 | $0 |
| **Child Support Obligation Total Amount** | $239 | $0 |
| Share of Uninsured and/or Unreimbursed Medical Expenses | 22% | 78% |

*Disclaimer: The child support guidelines worksheet, instructions, and calculator are for information and educational use only and are not a guarantee of the amount of child support that will be ordered. The results obtained are only as accurate as the information used. The actual child support order may be affected by other factors. The Court has the final authority to determine the amount of the child support order. If this worksheet is attached to a court order, it is part of the Court's decision. This worksheet may or may not show the amount the Court decided to order. If the amount in the order is different, that is the amount to be paid.*

# HOW LONG WILL MY MONEY LAST WITH SYSTEMATIC WITHDRAWALS?



*Date: August 4, 2017*

## INTRODUCTION

You have worked hard to accumulate your savings. Use this calculator to determine how long those funds will last given regular withdrawals.

## ANALYSIS

Your money will continue past the maximum 30 years displayed here.



| Month | Beginning Balance | Annual Interest @ 6% | Taxes @ 0% | Withdrawals | Ending Balance |
|-------|-------------------|----------------------|------------|-------------|----------------|
| 1 | $230,800 | $1,154 | $0 | $-1,050 | $230,904 |
| 2 | 230,904 | 1,155 | 0 | -1,052 | 231,007 |
| 3 | 231,007 | 1,155 | 0 | -1,054 | 231,108 |
| 4 | 231,108 | 1,156 | 0 | -1,055 | 231,209 |
| 5 | 231,209 | 1,156 | 0 | -1,057 | 231,308 |
| 6 | 231,308 | 1,157 | 0 | -1,059 | 231,405 |
| 7 | 231,405 | 1,157 | 0 | -1,061 | 231,502 |
| 8 | 231,502 | 1,158 | 0 | -1,062 | 231,597 |
| 9 | 231,597 | 1,158 | 0 | -1,064 | 231,691 |
| 10 | 231,691 | 1,158 | 0 | -1,066 | 231,784 |
| 11 | 231,784 | 1,159 | 0 | -1,068 | 231,875 |
| 12 | 231,875 | 1,159 | 0 | -1,069 | 231,965 |
| 13 | 231,965 | 1,160 | 0 | -1,071 | 232,053 |
| 14 | 232,053 | 1,160 | 0 | -1,073 | 232,141 |
| 15 | 232,141 | 1,161 | 0 | -1,075 | 232,227 |
| 16 | 232,227 | 1,161 | 0 | -1,077 | 232,311 |
| 17 | 232,311 | 1,162 | 0 | -1,078 | 232,394 |
| 18 | 232,394 | 1,162 | 0 | -1,080 | 232,476 |
| 19 | 232,476 | 1,162 | 0 | -1,082 | 232,557 |
| 20 | 232,557 | 1,163 | 0 | -1,084 | 232,636 |
| 21 | 232,636 | 1,163 | 0 | -1,086 | 232,713 |
| 22 | 232,713 | 1,164 | 0 | -1,087 | 232,790 |

| | | | | |
|---|---|---|---|---|
| 23 | 232,790 | 1,164 | 0 | -1,089 | 232,864 |
| 24 | 232,864 | 1,164 | 0 | -1,091 | 232,938 |
| 25 | 232,938 | 1,165 | 0 | -1,093 | 233,009 |
| 26 | 233,009 | 1,165 | 0 | -1,095 | 233,080 |
| 27 | 233,080 | 1,165 | 0 | -1,096 | 233,149 |
| 28 | 233,149 | 1,166 | 0 | -1,098 | 233,216 |
| 29 | 233,216 | 1,166 | 0 | -1,100 | 233,282 |
| 30 | 233,282 | 1,166 | 0 | -1,102 | 233,347 |
| 31 | 233,347 | 1,167 | 0 | -1,104 | 233,410 |
| 32 | 233,410 | 1,167 | 0 | -1,106 | 233,471 |
| 33 | 233,471 | 1,167 | 0 | -1,107 | 233,531 |
| 34 | 233,531 | 1,168 | 0 | -1,109 | 233,589 |
| 35 | 233,589 | 1,168 | 0 | -1,111 | 233,646 |
| 36 | 233,646 | 1,168 | 0 | -1,113 | 233,701 |
| 37 | 233,701 | 1,169 | 0 | -1,115 | 233,755 |
| 38 | 233,755 | 1,169 | 0 | -1,117 | 233,807 |
| 39 | 233,807 | 1,169 | 0 | -1,119 | 233,857 |
| 40 | 233,857 | 1,169 | 0 | -1,120 | 233,906 |
| 41 | 233,906 | 1,170 | 0 | -1,122 | 233,953 |
| 42 | 233,953 | 1,170 | 0 | -1,124 | 233,999 |
| 43 | 233,999 | 1,170 | 0 | -1,126 | 234,043 |
| 44 | 234,043 | 1,170 | 0 | -1,128 | 234,085 |
| 45 | 234,085 | 1,170 | 0 | -1,130 | 234,126 |
| 46 | 234,126 | 1,171 | 0 | -1,132 | 234,165 |
| 47 | 234,165 | 1,171 | 0 | -1,134 | 234,202 |
| 48 | 234,202 | 1,171 | 0 | -1,135 | 234,238 |
| 49 | 234,238 | 1,171 | 0 | -1,137 | 234,271 |
| 50 | 234,271 | 1,171 | 0 | -1,139 | 234,303 |
| 51 | 234,303 | 1,172 | 0 | -1,141 | 234,334 |
| 52 | 234,334 | 1,172 | 0 | -1,143 | 234,362 |
| 53 | 234,362 | 1,172 | 0 | -1,145 | 234,389 |
| 54 | 234,389 | 1,172 | 0 | -1,147 | 234,414 |
| 55 | 234,414 | 1,172 | 0 | -1,149 | 234,438 |
| 56 | 234,438 | 1,172 | 0 | -1,151 | 234,459 |
| 57 | 234,459 | 1,172 | 0 | -1,153 | 234,479 |
| 58 | 234,479 | 1,172 | 0 | -1,155 | 234,497 |
| 59 | 234,497 | 1,172 | 0 | -1,156 | 234,513 |
| 60 | 234,513 | 1,173 | 0 | -1,158 | 234,527 |
| 61 | 234,527 | 1,173 | 0 | -1,160 | 234,539 |
| 62 | 234,539 | 1,173 | 0 | -1,162 | 234,549 |
| 63 | 234,549 | 1,173 | 0 | -1,164 | 234,558 |
| 64 | 234,558 | 1,173 | 0 | -1,166 | 234,565 |
| 65 | 234,565 | 1,173 | 0 | -1,168 | 234,569 |
| 66 | 234,569 | 1,173 | 0 | -1,170 | 234,572 |
| 67 | 234,572 | 1,173 | 0 | -1,172 | 234,573 |
| 68 | 234,573 | 1,173 | 0 | -1,174 | 234,572 |
| 69 | 234,572 | 1,173 | 0 | -1,176 | 234,569 |
| 70 | 234,569 | 1,173 | 0 | -1,178 | 234,564 |
| 71 | 234,564 | 1,173 | 0 | -1,180 | 234,557 |
| 72 | 234,557 | 1,173 | 0 | -1,182 | 234,548 |

| | | | | |
|---|---|---|---|---|
| 73 | 234,548 | 1,173 | 0 | -1,184 | 234,537 |
| 74 | 234,537 | 1,173 | 0 | -1,186 | 234,524 |
| 75 | 234,524 | 1,173 | 0 | -1,188 | 234,509 |
| 76 | 234,509 | 1,173 | 0 | -1,190 | 234,492 |
| 77 | 234,492 | 1,172 | 0 | -1,192 | 234,472 |
| 78 | 234,472 | 1,172 | 0 | -1,194 | 234,451 |
| 79 | 234,451 | 1,172 | 0 | -1,196 | 234,428 |
| 80 | 234,428 | 1,172 | 0 | -1,198 | 234,402 |
| 81 | 234,402 | 1,172 | 0 | -1,200 | 234,375 |
| 82 | 234,375 | 1,172 | 0 | -1,202 | 234,345 |
| 83 | 234,345 | 1,172 | 0 | -1,204 | 234,313 |
| 84 | 234,313 | 1,172 | 0 | -1,206 | 234,279 |
| 85 | 234,279 | 1,171 | 0 | -1,208 | 234,243 |
| 86 | 234,243 | 1,171 | 0 | -1,210 | 234,204 |
| 87 | 234,204 | 1,171 | 0 | -1,212 | 234,164 |
| 88 | 234,164 | 1,171 | 0 | -1,214 | 234,121 |
| 89 | 234,121 | 1,171 | 0 | -1,216 | 234,076 |
| 90 | 234,076 | 1,170 | 0 | -1,218 | 234,028 |
| 91 | 234,028 | 1,170 | 0 | -1,220 | 233,979 |
| 92 | 233,979 | 1,170 | 0 | -1,222 | 233,927 |
| 93 | 233,927 | 1,170 | 0 | -1,224 | 233,872 |
| 94 | 233,872 | 1,169 | 0 | -1,226 | 233,816 |
| 95 | 233,816 | 1,169 | 0 | -1,228 | 233,757 |
| 96 | 233,757 | 1,169 | 0 | -1,230 | 233,696 |
| 97 | 233,696 | 1,168 | 0 | -1,232 | 233,632 |
| 98 | 233,632 | 1,168 | 0 | -1,234 | 233,566 |
| 99 | 233,566 | 1,168 | 0 | -1,236 | 233,498 |
| 100 | 233,498 | 1,167 | 0 | -1,238 | 233,427 |
| 101 | 233,427 | 1,167 | 0 | -1,240 | 233,354 |
| 102 | 233,354 | 1,167 | 0 | -1,242 | 233,279 |
| 103 | 233,279 | 1,166 | 0 | -1,244 | 233,201 |
| 104 | 233,201 | 1,166 | 0 | -1,246 | 233,120 |
| 105 | 233,120 | 1,166 | 0 | -1,249 | 233,037 |
| 106 | 233,037 | 1,165 | 0 | -1,251 | 232,952 |
| 107 | 232,952 | 1,165 | 0 | -1,253 | 232,864 |
| 108 | 232,864 | 1,164 | 0 | -1,255 | 232,773 |
| 109 | 232,773 | 1,164 | 0 | -1,257 | 232,680 |
| 110 | 232,680 | 1,163 | 0 | -1,259 | 232,585 |
| 111 | 232,585 | 1,163 | 0 | -1,261 | 232,487 |
| 112 | 232,487 | 1,162 | 0 | -1,263 | 232,386 |
| 113 | 232,386 | 1,162 | 0 | -1,265 | 232,283 |
| 114 | 232,283 | 1,161 | 0 | -1,267 | 232,177 |
| 115 | 232,177 | 1,161 | 0 | -1,270 | 232,068 |
| 116 | 232,068 | 1,160 | 0 | -1,272 | 231,957 |
| 117 | 231,957 | 1,160 | 0 | -1,274 | 231,843 |
| 118 | 231,843 | 1,159 | 0 | -1,276 | 231,726 |
| 119 | 231,726 | 1,159 | 0 | -1,278 | 231,607 |
| 120 | 231,607 | 1,158 | 0 | -1,280 | 231,485 |
| 121 | 231,485 | 1,157 | 0 | -1,282 | 231,360 |
| 122 | 231,360 | 1,157 | 0 | -1,284 | 231,232 |

| | | | | | |
|---|---|---|---|---|---|
| 123 | 231,232 | 1,156 | 0 | -1,287 | 231,102 |
| 124 | 231,102 | 1,156 | 0 | -1,289 | 230,969 |
| 125 | 230,969 | 1,155 | 0 | -1,291 | 230,833 |
| 126 | 230,833 | 1,154 | 0 | -1,293 | 230,694 |
| 127 | 230,694 | 1,153 | 0 | -1,295 | 230,552 |
| 128 | 230,552 | 1,153 | 0 | -1,297 | 230,408 |
| 129 | 230,408 | 1,152 | 0 | -1,299 | 230,260 |
| 130 | 230,260 | 1,151 | 0 | -1,302 | 230,110 |
| 131 | 230,110 | 1,151 | 0 | -1,304 | 229,957 |
| 132 | 229,957 | 1,150 | 0 | -1,306 | 229,800 |
| 133 | 229,800 | 1,149 | 0 | -1,308 | 229,641 |
| 134 | 229,641 | 1,148 | 0 | -1,310 | 229,479 |
| 135 | 229,479 | 1,147 | 0 | -1,313 | 229,314 |
| 136 | 229,314 | 1,147 | 0 | -1,315 | 229,146 |
| 137 | 229,146 | 1,146 | 0 | -1,317 | 228,975 |
| 138 | 228,975 | 1,145 | 0 | -1,319 | 228,801 |
| 139 | 228,801 | 1,144 | 0 | -1,321 | 228,623 |
| 140 | 228,623 | 1,143 | 0 | -1,323 | 228,443 |
| 141 | 228,443 | 1,142 | 0 | -1,326 | 228,260 |
| 142 | 228,260 | 1,141 | 0 | -1,328 | 228,073 |
| 143 | 228,073 | 1,140 | 0 | -1,330 | 227,883 |
| 144 | 227,883 | 1,139 | 0 | -1,332 | 227,690 |
| 145 | 227,690 | 1,138 | 0 | -1,335 | 227,494 |
| 146 | 227,494 | 1,137 | 0 | -1,337 | 227,295 |
| 147 | 227,295 | 1,136 | 0 | -1,339 | 227,092 |
| 148 | 227,092 | 1,135 | 0 | -1,341 | 226,887 |
| 149 | 226,887 | 1,134 | 0 | -1,343 | 226,678 |
| 150 | 226,678 | 1,133 | 0 | -1,346 | 226,465 |
| 151 | 226,465 | 1,132 | 0 | -1,348 | 226,250 |
| 152 | 226,250 | 1,131 | 0 | -1,350 | 226,031 |
| 153 | 226,031 | 1,130 | 0 | -1,352 | 225,808 |
| 154 | 225,808 | 1,129 | 0 | -1,355 | 225,583 |
| 155 | 225,583 | 1,128 | 0 | -1,357 | 225,354 |
| 156 | 225,354 | 1,127 | 0 | -1,359 | 225,121 |
| 157 | 225,121 | 1,126 | 0 | -1,361 | 224,885 |
| 158 | 224,885 | 1,124 | 0 | -1,364 | 224,646 |
| 159 | 224,646 | 1,123 | 0 | -1,366 | 224,403 |
| 160 | 224,403 | 1,122 | 0 | -1,368 | 224,157 |
| 161 | 224,157 | 1,121 | 0 | -1,371 | 223,907 |
| 162 | 223,907 | 1,120 | 0 | -1,373 | 223,654 |
| 163 | 223,654 | 1,118 | 0 | -1,375 | 223,397 |
| 164 | 223,397 | 1,117 | 0 | -1,377 | 223,136 |
| 165 | 223,136 | 1,116 | 0 | -1,380 | 222,872 |
| 166 | 222,872 | 1,114 | 0 | -1,382 | 222,605 |
| 167 | 222,605 | 1,113 | 0 | -1,384 | 222,333 |
| 168 | 222,333 | 1,112 | 0 | -1,387 | 222,058 |
| 169 | 222,058 | 1,110 | 0 | -1,389 | 221,780 |
| 170 | 221,780 | 1,109 | 0 | -1,391 | 221,497 |
| 171 | 221,497 | 1,107 | 0 | -1,394 | 221,211 |
| 172 | 221,211 | 1,106 | 0 | -1,396 | 220,921 |

| | | | | |
|---|---|---|---|---|
| 173 | 220,921 | 1,105 | 0 | -1,398 | 220,628 |
| 174 | 220,628 | 1,103 | 0 | -1,401 | 220,330 |
| 175 | 220,330 | 1,102 | 0 | -1,403 | 220,029 |
| 176 | 220,029 | 1,100 | 0 | -1,405 | 219,724 |
| 177 | 219,724 | 1,099 | 0 | -1,408 | 219,415 |
| 178 | 219,415 | 1,097 | 0 | -1,410 | 219,102 |
| 179 | 219,102 | 1,096 | 0 | -1,412 | 218,785 |
| 180 | 218,785 | 1,094 | 0 | -1,415 | 218,465 |
| 181 | 218,465 | 1,092 | 0 | -1,417 | 218,140 |
| 182 | 218,140 | 1,091 | 0 | -1,419 | 217,811 |
| 183 | 217,811 | 1,089 | 0 | -1,422 | 217,479 |
| 184 | 217,479 | 1,087 | 0 | -1,424 | 217,142 |
| 185 | 217,142 | 1,086 | 0 | -1,426 | 216,801 |
| 186 | 216,801 | 1,084 | 0 | -1,429 | 216,456 |
| 187 | 216,456 | 1,082 | 0 | -1,431 | 216,107 |
| 188 | 216,107 | 1,081 | 0 | -1,434 | 215,754 |
| 189 | 215,754 | 1,079 | 0 | -1,436 | 215,397 |
| 190 | 215,397 | 1,077 | 0 | -1,438 | 215,036 |
| 191 | 215,036 | 1,075 | 0 | -1,441 | 214,670 |
| 192 | 214,670 | 1,073 | 0 | -1,443 | 214,300 |
| 193 | 214,300 | 1,072 | 0 | -1,446 | 213,926 |
| 194 | 213,926 | 1,070 | 0 | -1,448 | 213,548 |
| 195 | 213,548 | 1,068 | 0 | -1,450 | 213,165 |
| 196 | 213,165 | 1,066 | 0 | -1,453 | 212,778 |
| 197 | 212,778 | 1,064 | 0 | -1,455 | 212,387 |
| 198 | 212,387 | 1,062 | 0 | -1,458 | 211,991 |
| 199 | 211,991 | 1,060 | 0 | -1,460 | 211,591 |
| 200 | 211,591 | 1,058 | 0 | -1,463 | 211,186 |
| 201 | 211,186 | 1,056 | 0 | -1,465 | 210,777 |
| 202 | 210,777 | 1,054 | 0 | -1,467 | 210,364 |
| 203 | 210,364 | 1,052 | 0 | -1,470 | 209,946 |
| 204 | 209,946 | 1,050 | 0 | -1,472 | 209,523 |
| 205 | 209,523 | 1,048 | 0 | -1,475 | 209,096 |
| 206 | 209,096 | 1,045 | 0 | -1,477 | 208,664 |
| 207 | 208,664 | 1,043 | 0 | -1,480 | 208,228 |
| 208 | 208,228 | 1,041 | 0 | -1,482 | 207,787 |
| 209 | 207,787 | 1,039 | 0 | -1,485 | 207,341 |
| 210 | 207,341 | 1,037 | 0 | -1,487 | 206,891 |
| 211 | 206,891 | 1,034 | 0 | -1,490 | 206,435 |
| 212 | 206,435 | 1,032 | 0 | -1,492 | 205,976 |
| 213 | 205,976 | 1,030 | 0 | -1,495 | 205,511 |
| 214 | 205,511 | 1,028 | 0 | -1,497 | 205,041 |
| 215 | 205,041 | 1,025 | 0 | -1,500 | 204,567 |
| 216 | 204,567 | 1,023 | 0 | -1,502 | 204,088 |
| 217 | 204,088 | 1,020 | 0 | -1,505 | 203,604 |
| 218 | 203,604 | 1,018 | 0 | -1,507 | 203,115 |
| 219 | 203,115 | 1,016 | 0 | -1,510 | 202,621 |
| 220 | 202,621 | 1,013 | 0 | -1,512 | 202,122 |
| 221 | 202,122 | 1,011 | 0 | -1,515 | 201,618 |
| 222 | 201,618 | 1,008 | 0 | -1,517 | 201,109 |

| | | | | |
|---|---|---|---|---|
| 223 | 201,109 | 1,006 | 0 | -1,520 | 200,595 |
| 224 | 200,595 | 1,003 | 0 | -1,522 | 200,075 |
| 225 | 200,075 | 1,000 | 0 | -1,525 | 199,551 |
| 226 | 199,551 | 998 | 0 | -1,527 | 199,021 |
| 227 | 199,021 | 995 | 0 | -1,530 | 198,487 |
| 228 | 198,487 | 992 | 0 | -1,532 | 197,947 |
| 229 | 197,947 | 990 | 0 | -1,535 | 197,402 |
| 230 | 197,402 | 987 | 0 | -1,537 | 196,851 |
| 231 | 196,851 | 984 | 0 | -1,540 | 196,295 |
| 232 | 196,295 | 981 | 0 | -1,543 | 195,734 |
| 233 | 195,734 | 979 | 0 | -1,545 | 195,168 |
| 234 | 195,168 | 976 | 0 | -1,548 | 194,596 |
| 235 | 194,596 | 973 | 0 | -1,550 | 194,019 |
| 236 | 194,019 | 970 | 0 | -1,553 | 193,436 |
| 237 | 193,436 | 967 | 0 | -1,555 | 192,847 |
| 238 | 192,847 | 964 | 0 | -1,558 | 192,254 |
| 239 | 192,254 | 961 | 0 | -1,561 | 191,654 |
| 240 | 191,654 | 958 | 0 | -1,563 | 191,049 |
| 241 | 191,049 | 955 | 0 | -1,566 | 190,438 |
| 242 | 190,438 | 952 | 0 | -1,569 | 189,822 |
| 243 | 189,822 | 949 | 0 | -1,571 | 189,200 |
| 244 | 189,200 | 946 | 0 | -1,574 | 188,572 |
| 245 | 188,572 | 943 | 0 | -1,576 | 187,939 |
| 246 | 187,939 | 940 | 0 | -1,579 | 187,300 |
| 247 | 187,300 | 936 | 0 | -1,582 | 186,655 |
| 248 | 186,655 | 933 | 0 | -1,584 | 186,004 |
| 249 | 186,004 | 930 | 0 | -1,587 | 185,347 |
| 250 | 185,347 | 927 | 0 | -1,590 | 184,684 |
| 251 | 184,684 | 923 | 0 | -1,592 | 184,015 |
| 252 | 184,015 | 920 | 0 | -1,595 | 183,340 |
| 253 | 183,340 | 917 | 0 | -1,598 | 182,660 |
| 254 | 182,660 | 913 | 0 | -1,600 | 181,973 |
| 255 | 181,973 | 910 | 0 | -1,603 | 181,280 |
| 256 | 181,280 | 906 | 0 | -1,606 | 180,581 |
| 257 | 180,581 | 903 | 0 | -1,608 | 179,875 |
| 258 | 179,875 | 899 | 0 | -1,611 | 179,164 |
| 259 | 179,164 | 896 | 0 | -1,614 | 178,446 |
| 260 | 178,446 | 892 | 0 | -1,616 | 177,722 |
| 261 | 177,722 | 889 | 0 | -1,619 | 176,992 |
| 262 | 176,992 | 885 | 0 | -1,622 | 176,255 |
| 263 | 176,255 | 881 | 0 | -1,624 | 175,512 |
| 264 | 175,512 | 878 | 0 | -1,627 | 174,763 |
| 265 | 174,763 | 874 | 0 | -1,630 | 174,007 |
| 266 | 174,007 | 870 | 0 | -1,632 | 173,244 |
| 267 | 173,244 | 866 | 0 | -1,635 | 172,475 |
| 268 | 172,475 | 862 | 0 | -1,638 | 171,700 |
| 269 | 171,700 | 858 | 0 | -1,641 | 170,918 |
| 270 | 170,918 | 855 | 0 | -1,643 | 170,129 |
| 271 | 170,129 | 851 | 0 | -1,646 | 169,333 |
| 272 | 169,333 | 847 | 0 | -1,649 | 168,531 |

| | | | | |
|---|---|---|---|---|
| 273 | 168,531 | 843 | 0 | -1,652 | 167,722 |
| 274 | 167,722 | 839 | 0 | -1,654 | 166,906 |
| 275 | 166,906 | 835 | 0 | -1,657 | 166,084 |
| 276 | 166,084 | 830 | 0 | -1,660 | 165,254 |
| 277 | 165,254 | 826 | 0 | -1,663 | 164,418 |
| 278 | 164,418 | 822 | 0 | -1,665 | 163,575 |
| 279 | 163,575 | 818 | 0 | -1,668 | 162,724 |
| 280 | 162,724 | 814 | 0 | -1,671 | 161,867 |
| 281 | 161,867 | 809 | 0 | -1,674 | 161,003 |
| 282 | 161,003 | 805 | 0 | -1,677 | 160,131 |
| 283 | 160,131 | 801 | 0 | -1,679 | 159,252 |
| 284 | 159,252 | 796 | 0 | -1,682 | 158,367 |
| 285 | 158,367 | 792 | 0 | -1,685 | 157,473 |
| 286 | 157,473 | 787 | 0 | -1,688 | 156,573 |
| 287 | 156,573 | 783 | 0 | -1,691 | 155,665 |
| 288 | 155,665 | 778 | 0 | -1,693 | 154,750 |
| 289 | 154,750 | 774 | 0 | -1,696 | 153,828 |
| 290 | 153,828 | 769 | 0 | -1,699 | 152,898 |
| 291 | 152,898 | 764 | 0 | -1,702 | 151,961 |
| 292 | 151,961 | 760 | 0 | -1,705 | 151,016 |
| 293 | 151,016 | 755 | 0 | -1,708 | 150,063 |
| 294 | 150,063 | 750 | 0 | -1,710 | 149,103 |
| 295 | 149,103 | 746 | 0 | -1,713 | 148,135 |
| 296 | 148,135 | 741 | 0 | -1,716 | 147,160 |
| 297 | 147,160 | 736 | 0 | -1,719 | 146,177 |
| 298 | 146,177 | 731 | 0 | -1,722 | 145,186 |
| 299 | 145,186 | 726 | 0 | -1,725 | 144,187 |
| 300 | 144,187 | 721 | 0 | -1,728 | 143,181 |
| 301 | 143,181 | 716 | 0 | -1,730 | 142,166 |
| 302 | 142,166 | 711 | 0 | -1,733 | 141,144 |
| 303 | 141,144 | 706 | 0 | -1,736 | 140,113 |
| 304 | 140,113 | 701 | 0 | -1,739 | 139,075 |
| 305 | 139,075 | 695 | 0 | -1,742 | 138,028 |
| 306 | 138,028 | 690 | 0 | -1,745 | 136,973 |
| 307 | 136,973 | 685 | 0 | -1,748 | 135,910 |
| 308 | 135,910 | 680 | 0 | -1,751 | 134,839 |
| 309 | 134,839 | 674 | 0 | -1,754 | 133,760 |
| 310 | 133,760 | 669 | 0 | -1,757 | 132,672 |
| 311 | 132,672 | 663 | 0 | -1,759 | 131,576 |
| 312 | 131,576 | 658 | 0 | -1,762 | 130,471 |
| 313 | 130,471 | 652 | 0 | -1,765 | 129,358 |
| 314 | 129,358 | 647 | 0 | -1,768 | 128,237 |
| 315 | 128,237 | 641 | 0 | -1,771 | 127,107 |
| 316 | 127,107 | 636 | 0 | -1,774 | 125,968 |
| 317 | 125,968 | 630 | 0 | -1,777 | 124,821 |
| 318 | 124,821 | 624 | 0 | -1,780 | 123,665 |
| 319 | 123,665 | 618 | 0 | -1,783 | 122,500 |
| 320 | 122,500 | 612 | 0 | -1,786 | 121,326 |
| 321 | 121,326 | 607 | 0 | -1,789 | 120,144 |
| 322 | 120,144 | 601 | 0 | -1,792 | 118,952 |

| | | | | |
|---|---|---|---|---|
| 323 | 118,952 | 595 | 0 | -1,795 | 117,752 |
| 324 | 117,752 | 589 | 0 | -1,798 | 116,543 |
| 325 | 116,543 | 583 | 0 | -1,801 | 115,325 |
| 326 | 115,325 | 577 | 0 | -1,804 | 114,097 |
| 327 | 114,097 | 570 | 0 | -1,807 | 112,861 |
| 328 | 112,861 | 564 | 0 | -1,810 | 111,615 |
| 329 | 111,615 | 558 | 0 | -1,813 | 110,360 |
| 330 | 110,360 | 552 | 0 | -1,816 | 109,096 |
| 331 | 109,096 | 545 | 0 | -1,819 | 107,822 |
| 332 | 107,822 | 539 | 0 | -1,822 | 106,539 |
| 333 | 106,539 | 533 | 0 | -1,825 | 105,247 |
| 334 | 105,247 | 526 | 0 | -1,828 | 103,945 |
| 335 | 103,945 | 520 | 0 | -1,831 | 102,633 |
| 336 | 102,633 | 513 | 0 | -1,834 | 101,312 |
| 337 | 101,312 | 507 | 0 | -1,837 | 99,981 |
| 338 | 99,981 | 500 | 0 | -1,840 | 98,641 |
| 339 | 98,641 | 493 | 0 | -1,843 | 97,291 |
| 340 | 97,291 | 486 | 0 | -1,847 | 95,931 |
| 341 | 95,931 | 480 | 0 | -1,850 | 94,561 |
| 342 | 94,561 | 473 | 0 | -1,853 | 93,181 |
| 343 | 93,181 | 466 | 0 | -1,856 | 91,791 |
| 344 | 91,791 | 459 | 0 | -1,859 | 90,391 |
| 345 | 90,391 | 452 | 0 | -1,862 | 88,981 |
| 346 | 88,981 | 445 | 0 | -1,865 | 87,561 |
| 347 | 87,561 | 438 | 0 | -1,868 | 86,130 |
| 348 | 86,130 | 431 | 0 | -1,871 | 84,690 |
| 349 | 84,690 | 423 | 0 | -1,874 | 83,239 |
| 350 | 83,239 | 416 | 0 | -1,878 | 81,777 |
| 351 | 81,777 | 409 | 0 | -1,881 | 80,305 |
| 352 | 80,305 | 402 | 0 | -1,884 | 78,823 |
| 353 | 78,823 | 394 | 0 | -1,887 | 77,330 |
| 354 | 77,330 | 387 | 0 | -1,890 | 75,827 |
| 355 | 75,827 | 379 | 0 | -1,893 | 74,313 |
| 356 | 74,313 | 372 | 0 | -1,896 | 72,788 |
| 357 | 72,788 | 364 | 0 | -1,900 | 71,252 |
| 358 | 71,252 | 356 | 0 | -1,903 | 69,706 |
| 359 | 69,706 | 349 | 0 | -1,906 | 68,148 |
| 360 | $68,148 | $341 | $0 | $-1,909 | $66,580 |

SUMMARY OF INPUT

| | |
|---|---|
| Current savings balance | $230,800 |
| Proposed monthly withdrawal amounts | $1,050 |
| Annual withdrawal increases (if any) | 2.00% |
| Annual before-tax return on savings | 6.00% |
| Federal marginal tax bracket | 0.00% |
| Desired table display | Monthly |

**EXHIBIT A**

1/8/15

STATE OF MINNESOTA                          DISTRICT COURT
                                       FAMILY COURT DIVISION
COUNTY OF LAKE                           SIXTH JUDICIAL DISTRICT

In Re The Marriage of:                 Court File No. 38-FA-14-379
                                       Judge
Brian Allan Lerbakken,

                    Petitioner,

                                       SETTLEMENT AGREEMENT
        and

Paula Jean Foede,

                    Respondent.

The parties and their attorneys participated in an Social Early Neutral Evaluation/Mediation regarding issues involving custody and parenting time on January 8, 2015. Dennis Korman and Kimberly Shanda acted as evaluators and mediators. The parties were present personally and with their attorneys Samantha J. LePage for the Petitioner and Matthew H. Beaumier for the Respondent. The parties have agreed to settle the issues as follows:

1.    The parties will share joint legal, care, custody and control of their minor child.

Respondent shall have sole physical custody of the minor child. Respondent shall not move the child's residence from the Two Harbors area without the prior consent of the Petitioner or order of the Court.

2.    Parenting time shall be as follows:

While the Petitioner lives in the Mora, Minnesota area he shall have parenting time on alternate weekends from Thursday when the child gets out of school until Sunday early evening. Petitioner shall pick up the child in Two Harbors after she gets out of school and shall transport her to his place of residence. On Sunday the Respondent shall pick up the child at the Respondent's place of residence and shall transport her back to Two Harbors.

If the Petitioner moves back to the Two Harbors area the parties shall share parenting time using the schedule attached hereto as Exhibit A.

The Respondent shall have parenting time during Easter weekend. Respondent shall also have parenting time on Labor Day weekend. Petitioner shall have parenting time on Memorial Day weekend. The parties shall alternate Christmas Eve, Christmas Day, New Year's Day, 4th of July, and Halloween.

EXHIBIT

A

3.    The parties agree to be flexible in rearranging the schedule as needed for their child's activities.  The parties shall communicate with each other using a journal which shall be passed from one parent to the other at the time they exchange the child when they exercise their parenting time.  The parties shall not communicate with each other through their daughter.  Each parent may contact the other parent by phone only in emergencies.

4.    Petitioner shall continue to abstain from the use of marijuana.

5.    The parties agree to complete the "Kids First Program" or some similar parenting education class.

6.    When the Petitioner moves to the Two Harbors area he shall obtain appropriate housing so that Ellen has a separate bedroom.

7.    The parties acknowledge that by signing this Agreement they are entering into an enforceable agreement regarding custody and parenting time issues.  Each party acknowledges that he/she has had an adequate opportunity to confer with his/her attorney prior to entering into this agreement.

Dated this _8th_ day of January, 2015.          Dated this _8th_ day of January, 2015.

_____              _____
Brian Allan Lerbakken, Petitioner             Paula Jean Frede, Respondent


_____              _____
Samantha J. LePage (0395494)                  Matthew H. Beaumier (0248241)
Attorney for Petitioner                       Attorney for Respondent
Yankee Square Office III                       227 W 1st Street
3460 Washington Drive, Suite 214              Duluth, MN 55802
Eagan, MN 55122                               (218) 722-2144
(651) 454-2000

38-FA-14-379

# Month

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|--------|--------|---------|-----------|----------|--------|----------|
|        |        | MOM     | MOM       | DAD      | DAD    | DAD      |
| DAD    | DAD    | MOM     | MOM       | DAD      | MOM    | MOM      |
| MOM    | MOM    | MOM     | MOM       | DAD      | DAD    | DAD      |
| DAD    | DAD    | MOM     | MOM       | DAD      | MOM    | MOM      |
| MOM    | MOM    | MOM     | MOM       | DAD      |        |          |

EXHIBIT A

Electronically Served
0/5/2015 4:36:39 PM
Lake County, MN

FILED IN LAKE COUNTY       Ostern, Nicole
Office of Court Administration    Oct 5 2015 4:23 PM

STATE OF MINNESOTA                                DISTRICT COURT
COUNTY OF LAKE                           SIXTH JUDICIAL DISTRICT

In the Marriage of:

Brian Lerbakken,
                    Petitioner (Father),                      **ORDER**
        and

Paula Foede,
                    Respondent (Mother).

                                          File No. 38-FA-14-379

Paula Foede,
                    Petitioner,
    v.                                              **ORDER**

Brian Lerbakken,
                    Respondent.

                                          File No. 38-CV-15-328

        Case Number 38-FA-14-379 came before the Honorable Michael J. Cuzzo on July 7,
2015, at the Lake County Courthouse, Two Harbors, Minnesota, for a review hearing, and for a
hearing on Father's Motion to Enforce Mediation Agreements. Father appeared personally and
with counsel, Samantha LePage. Mother appeared personally and with counsel, Matthew
Beaumier.

        Upon the arguments of the parties, and upon all the files and records herein, the Court
makes the following:

                                        **ORDER**

1.  The Court adopts the parties' January 8, 2015 Settlement Agreement, February 17, 2015
    Financial ENE Agreement, and March 19, 2015 Personal Property Division Agreement.
    The parties shall abide by the terms of each of these agreements.

2.  Parenting time exchanges shall occur at 3:30 p.m. on school days. Parenting time
    exchanges on non-school days shall occur at noon, or at the end of the receiving party's
    work day, whichever occurs later. Any parenting time exchange that cannot be facilitated
    from school by the receiving parent shall take place at the parking lot of the Super One in
    Two Harbors. Mother and Father shall have no direct contact during exchanges. The
    parties may communicate by email ONLY about parenting time exchanges or parenting
    time issues. This paragraph modifies the Harassment Restraining Order issued on

                                          1

September 4, 2015 in Case Number 38-CV-15-328. The parties must continue to abide by all other terms of the Harassment Restraining Order.

3.  If, during their parenting time, either party wishes to place the child in the care of anyone besides a close family member for a period longer than eight hours, the other party shall have a right of first refusal. If that party refuses, the party with scheduled parenting time shall either arrange to care for the child themselves, arrange for a close family member to care for the child, or allow the other party to care for the child. A close family member includes the child's grandparents, first aunts and uncles, and any adult siblings.

4.  Both parties are prohibited from harassing, vilifying, mistreating, molesting, disturbing the peace, or restraining the liberty of the other party or the minor child.

5.  The parties shall abide by the agreement reached at the July 7, 2015 hearing regarding personal property items.

6.  Both parties' requests for attorney's fees are denied.

7.  Mother's request for an order appointing a parenting time expeditor is denied.

8.  The attached memorandum is incorporated into this Order.

BY THE COURT:

Cuzzo, Michael
Oct 1 2015 3:45 PM

Hon. Michael J. Cuzzo
Judge of District Court

2

## MEMORANDUM

Father filed a Motion to Enforce Mediation Agreements on June 22, 2015, requesting that the Court adopt three agreements that the parties had previously come to as the parties' final Judgment and Decree of Dissolution: a January 8, 2015 Settlement Agreement, a February 17, 2015 Financial ENE Agreement, and a March 19, 2015 Personal Property Division Agreement. Father submitted each of the agreements as exhibits accompanying his motion. In her countermotion filed July 2, 2015, Mother also requested that the agreements be adopted. Mother also stated at the July 7, 2015 hearing that she had no objection to this request. Therefore, the Court adopts each of the agreements, and the parties shall abide by all of the terms within.

Each party also requested an order setting specific times for the exchange of the parties' minor child, Ellen. A parenting time schedule was set as part of the January 8, 2015 Settlement Agreement, but it did not set an exact time of day that the exchanges were to take place. Father requests that the exchanges occur after the child is released from school on school days, and at noon or at the end of the receiving party's work day, whichever occurs later, on non-school days. Mother does not propose specific exchange times. The Court finds Father's request reasonable. Therefore, parenting time exchanges shall occur at 3:30 p.m. on school days. Parenting time exchanges on non-school days shall occur at noon, or at the end of the receiving party's work day, whichever occurs later.

Father requested an order restraining the parties from "harassing, vilifying, mistreating, molesting, disturbing the peace, or restraining the liberty of the other party or the minor child." Mother had no objection to such an order. The Court therefore includes this provision as part of its Order, and both parties shall abide by it.

Father also requested an order giving the parties a right of first refusal, requiring that, if one parent is unavailable to care for the child for a period longer than eight hours, that the party shall offer the other parent the opportunity to provide care before seeking a third party to provide care. Mother opposes a right of first refusal, claiming that she is worried Father will abuse it. The Court finds a right of first refusal is appropriate, and will implement a right of first refusal when either party seeks to put the child in the care of anyone except a "close family member," as defined in the Order.

Each party requested attorney's fees and costs from the other party. The Court finds that the actions and lack of cooperation of both parties have contributed to the legal expenses incurred during this case. Therefore, the Court denies both parties' requests for attorney's fees.

Mother requested an order appointing a parenting time expeditor pursuant to Minn. Stat. § 518.1751. However, given the specific parenting time schedule that is in place, the Court finds that there is no need for an appointment of a parenting time expeditor at this time. The Court trusts that the parties can abide be the schedule, and can avoid the costs that would be incurred by the use of a parenting time expeditor if they failed to abide.

Mother's countermotion also requested an order addressing certain personal property items that the parties disputed ownership of. However, at the hearing, the parties informed the

3

Court that they had reached a resolution regarding these items. Therefore, the Court will not address ownership of the parties' personal property items, and the parties shall abide by the terms of their agreement.

MJC/jkp

**EXHIBIT B**

STATE OF MINNESOTA                                    DISTRICT COURT
                                                      FAMILY COURT DIVISION
COUNTY OF LAKE                                        SIXTH JUDICIAL DISTRICT

In Re The Marriage of:                    Court File No. 38-FA-14-379
                                          Judge
Brian Allan Lerbakken,

                          Petitioner,     FINANCIAL EARLY NEUTRAL
                                          EVALUATION
                                          SETTLEMENT AGREEMENT

        and

Paula Jean Foede,

                          Respondent.

       The parties and their attorneys participated in a Financial Early Neutral Evaluation on
February 17, 2015. Dennis Korman and Kimberly Shanda acted as evaluators. The parties were
present personally and with their attorneys Samantha J. LePage for the Petitioner and Matthew
H. Beaumier for the Respondent. The parties have agreed to settle the issues as follows:

1. Commencing April 15, 2015 and payable on the 15th of each month thereafter, respondent
shall pay to the petitioner spousal maintenance at the rate of $1200 per month by income
withholding. Maintenance shall be payable until petitioner remarries, either party dies, or further
order of the court.

2. Commencing April 15, 2015, Petitioner shall pay to the respondent child support at the rate of
$260 per month by income withholding which includes basic support, health insurance premium
reimbursement and dental insurance premium reimbursement pursuant to the guidelines
calculation attached as Exhibit A. Child support shall be payable until it terminates pursuant to
the current statutory provisions.

3. Pursuant to the spreadsheet attached hereto the respondent shall pay to the petitioner an equity
balancing payment of $23,287 payable within 120 days of the date of entry of judgment, payable
to Petitioner's attorney's trust account. The obligation to make payment within this period of
time is contingent upon the respondent's ability to obtain financing. Respondent shall use their
best efforts to obtain financing to pay the equity balancing payment. If she is unable to refinance
she shall thereafter make application to obtain financing at least annually and shall make a
minimum of 2 applications to lending institutions. If not sooner paid the equity balancing


EXHIBIT
B

payment shall be due and payable when the parties' child reaches age 18 and graduates from high school or when the respondent may earlier sell the home. After the aforesaid 120 day, the unpaid balance shall bear interest at the rate of 4% per annum. Petitioner shall have a lien and mortgage against the homestead to secure payment of the equity balancing payment.

The division of personal property which is specified on the attached spreadsheet is adopted by the parties.

The division of any personal property not enumerated on the attached spreadsheet shall be negotiated between the parties. If they are unable to reach an agreement they shall use Ms. Kimberly Shanda as a mediator/arbitrator to determine the division of personal property and any amount which either party may owe to the other as a result of the personal property division. All disputed personal property must be at the home at the time of any such mediation/arbitration.

4. Petitioner shall diligently pursue his current workers compensation claim and shall promptly disclose to the Respondent all of the particulars regarding any settlement or other determination of his claim. Petitioner's workers compensation attorney shall also be obligated to advise petitioner of any settlement or other determination of petitioner's claim. Petitioner's workers compensation attorney should also be obligated to advise Respondent if petitioner fails to diligently pursue his claim.

5. The final judgment which incorporates the parties' settlement shall contain additional language commonly referred to as boilerplate language. Any disagreement by the parties regarding such boilerplate language shall not invalidate the terms of the parties settlement.

6. By entering into this agreement the parties acknowledge that they are doing so of their own free will and after having the opportunity to freely consult with her/his attorney. The parties also acknowledge that upon signing this agreement, the agreement becomes fully enforceable by the court.

Dated this _12_ day of February, 2015.          Dated this _17_ day of February, 2015.

_____          _____
Brian Allan Lerbakken, Petitioner          Paula Jean Foede, Respondent

_____          _____
Samantha J. LePage (0395494)          Matthew H. Beaumier (0248241)
Attorney for Petitioner          Attorney for Respondent
Yankee Square Office III          227 W 1st Street
3460 Washington Drive, Suite 214          Duluth, MN 55802
Eagan, MN 55122          (218) 722-2144
(651) 454-2000

## LERBAKKEN/FOEDE EQUITY BALANCING CALCULATION

| | PAULA | BRIAN |
|---|---|---|
| Home ($148,750 - $100,952) | 47,798 | |
| WF Cash | 12,866 | 11,000 |
| Prudential Retirement | 3,056 | |
| WF IRA | | 2,645 |
| WF 401k | 19,281 | 19,281 |
| Skidsteer | | 3,500 |
| 2004 Ford Truck | | ----- |
| 2004 Jeep Liberty | ----- | |
| | 83,001 | 36,426 |

$$\$46,575\backslash2=\$23,287.50$$

ChildSupportGuidelinesWor    .eet  Page 1 of 2

# Child Support Guidelines Worksheet

Parent A: Brian
Parent B: Paula

IV-D Case Number:
Court File Number:

Number of Joint Children: 1
Date: 2/17/2015

| | | Parent A | Parent B | Combined |
|---|---|---|---|---|
| Income | 1a. Monthly Income Received | $1947 | $7127 | ---- |
| | 1b. Child(ren)'s Social Security/Veterans' Benefits Derived From a Parent's Eligibility | $0 | $0 | ---- |
| | 1c. Potential Income | $0 | $0 | ---- |
| | 1d. Spousal Maintenance Orders Obligated to be Paid | $0 | $1200 | ---- |
| | 1e. Child Support Order(s) Obligated to be Paid for Nonjoint Child (ren) | $0 | $0 | ---- |
| Adjustments | 1f. Monthly Gross Income (1a+1b+1c-1d-1e) | $1947 | $5927 | ---- |
| | 2a. Number of Nonjoint Child(ren) in the Home (Maximum number allowed is 2) | 0 | 0 | ---- |
| | 2b. Deduction for Nonjoint Child(ren) in the Home | $0 | $0 | ---- |
| | 3. Parental Income for Determining Child Support (PICS) | $1947 | $5927 | $7874 |
| | 4. Percentage Share of Combined PICS | 25% | 75% | ---- |
| | 5. Combined Basic Support Obligation | ---- | ---- | $1023 |
| Basic Child Support Obligation | 6. Pro Rata Basic Support Obligation | $256 | | ---- |
| | 7. Basic Support Obligation After Parenting Expense Adjustment (if applicable) | $225 | | ---- |
| Child Care Obligation | 8. Child Care Support Obligation for Joint Child(ren) | | | ---- |
| Medical Support Obligation | 9a. Monthly Cost of Health Care Coverage for Joint Child(ren) | $0 | $113 | ---- |
| | 9b. Pro Rata Share of Health Care Coverage Costs | $28 | $85 | ---- |
| Appropriate Coverage Available | 9c. Contribution to Health Care Coverage | $28 | | ---- |
| | 9d. Monthly Cost of Dental Coverage for Joint Child(ren) | $0 | $29 | ---- |
| | 9e. Pro Rata Share of Dental Coverage Costs | $7 | $22 | ---- |
| | 9f. Contribution to Dental Coverage | $7 | | ---- |
| | 9g. Medical Support Obligation-Appropriate Coverage Available | $36 | | ---- |
| No Appropriate Insurance Available | 10. Medical Support Obligation for Public Coverage | | | ---- |
| Uninsured/Unreimbursed Expenses | 11. Share of Uninsured and/or Unreimbursed Medical Expenses | 25% | 75% | ---- |
| | 12. Net Child Support Obligation | $260 | $0 | ---- |
| Benefits Adjustment | 13. Child(ren)'s Social Security/Veterans' Benefits Derived from Parent's Eligibility | | | ---- |
| Computing a Final Obligation | 14. Total Child Support Obligation | $260 | $0 | ---- |
| | 15a. Monthly Gross Income | $1947 | $5927 | ---- |
| Ability to Pay Calculation | 15b. Income Available for Support | $770 | $4760 | ---- |
| | 16. Monthly Child Support Obligation - No Adjustment Necessary | $260 | $0 | ---- |
| | 17. Amount of Reduction | $0 | $0 | ---- |
| Child Support Obligation Adjustment | 18. Medical Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 19. Child Care Support | | | |
| | Original Obligation | | | |

EXHIBIT A

# EXHIBIT C

3/19/15

EXHIBIT
C

| PAULA | | LUKE (the above) + 90 tow straps | |
|---|---|---|---|
| Farmall tractor | 2100 | trailer w/ chains, binders, | 1700 |
| " post hole digger | 225 | w/ plow blade for skidsteer (?350) | |
| " back blade | 260 | | |
| Hanc brush mower | 600 | | |
| Cushman? moto | — | Stoves mota | — |
| generator | 240 | tool boxes (?) | 175 |
| deer stand | | tools | 695 |
| W-D-a | NM | nuts + bolts table | 40 |
| air compressor | 65 | drexell scale 300 | 65 IH |
| garden tools | — | central nail gun | 25 |
| incl. wagon + wheelbarrow | — | medical cont | 0 |
| axe | scrap iron | Pant + moto stand | NM |
| post hole digger | — | Fish bone | 400 |
| green hand pump | — | Lincoln arc welder | 60 |
| chip board cabinets | — | painter scaffold | 110 |
| white cupboards | — NM | Engo lift (Chevy pickup) | 125 |
| large wooden bench w/hood | | 2 engine stand | 90 |
| folding table — 1 deer stand | 3440 | tranny jack | 50 / 375 |
| DIAMOND RANGE | | drill press | 35 / split |
| LUKE CONT. | | NObody — SELL 2 and proceed equally | |
| miter saw | 90 | Grass hopper zero turn mower | |
| bench table saw | NM | windmill | 600 |
| nut + bolts, hardware | — | 4 wheeler | 800 ? |
| RAKE (soft) | — | horse trailer | |
| VISE (bench) | — | Farmall C | light bars |
| tongs | — | Chevy 4x4 truck | drawers |
| sledge/maul | black metal | Jeep J-10 | scale |
| 1 blue shelf | — | Chevy Suburban | front scrap |
| heavy duty shelf | — | sheetrock jack | |

Luke
metal bench w/ drill press
portable / collapsible fish house Frabie
old little fish house - portable
sink
ice chipper
propane fish house heater
parts washer
wooden bench w/ vise
1 deer stand
winches
long red ramps
folding aluminum ramps

Paula agrees that Luke may pick up the items on the
list and the household furniture agreed to. Luke agrees he
will remove his items from the homestead ~~~~~~~~~~~
by 75 days from the date of entry of decree.
If after 90 days, any of the items that are awarded to
Luke are not removed, Paula may either keep the items
or dispose of them as she wishes.

3-19-2015        Paula J. Foede

Mediator → Kinley K. Skarda

STATE OF MINNESOTA

COUNTY OF LAKE

DISTRICT COURT

SIXTH JUDICIAL DISTRICT

FAMILY COURT DIVISION

In Re: The Marriage of:

Court File No: 38-FA-14-379

Brian Allan Lerbakken,
                Petitioner,

and

Paula Jean Foede,
                Respondent,

 and

Sieloff and Associates, P.A.,
                Attorney Lien Complainant.

**NOTICE OF FILING AND ENTRY
OF ORDER ESTABLISHING AND
ENFORCING ATTORNEY'S LIEN**

TO:    Paula Foede, Respondent above-named, and her attorney, Katrina Viegas, of Gerlach,
        Beaumier & Trogdon, LLP, 227 West First Street, Suite 610, Duluth, MN 55802 and
        Brian Lerbakken, pro-se Petitioner above-named, 1431 Press Camp Road, Two Harbors,
        MN 55616.

    ***PLEASE TAKE NOTICE*** that on October 16, 2017, an Order Establishing and

Enforcing Attorney's Lien in the above-entitled matter was filed and entered, a copy of which is

attached and hereby served upon you.

Dated:   *10·17· 17*                  SIELOFF AND ASSOCIATES, P.A.

                                                      Ronald B. Sieloff (0100900)
                                                        Yankee Square Office III
                                                        3460 Washington Drive, Suite 214
                                                        Eagan, Minnesota 55122
                                                        rsieloff@siclofflaw.com
                                                         (651) 454-2000
                                                        Attorney for Attorney Lien Complainant

lerbakken,brian/2016 fee/pleadings/notice.filing.entry.10.17.17


EXHIBIT
G

Electronically Served
10/16/2017 3:39 PM
Lake County, MN~

STATE OF MINNESOTA   <small>FILED IN LAKE COUNTY OFFICE OF COURT ADMINISTRATION</small>   Ostern, Nicole   DISTRICT COURT
Oct 16 2017 3:32 PM

COUNTY OF LAKE                                                SIXTH JUDICIAL DISTRICT

                                                              FAMILY COURT DIVISION

_____

In Re the Marriage of:                          Court File No: 38-FA-14-379

Brian Allan Lerbakken,
                    Petitioner,
                                                **ORDER ESTABLISHING**
and                                             **AND ENFORCING**
                                                **ATTORNEY'S LIEN**

Paula Jean Foede,
                    Respondent,

and

Sieloff and Associates, P.A.
                    Attorney Lien Complainant.
_____

        The above-entitled matter came on for hearing on October 16, 2017 before the Honorable

Gary Larson, Judge of District Court, at the Lake County Courthouse, 601 Third Avenue, in the

City of Two Harbors, County of Lake and State of Minnesota.

        Petitioner was present and was not represented by counsel. Respondent was present and

was represented by Katrina Viegas, of Gerlach, Beaumier & Trogdon, 227 West First Street,

Suite 610, Duluth, MN 55802. Ronald B. Sieloff was present and represented Sieloff and

Associates, P.A., Yankee Square Office III, 3460 Washington Drive, Suite 214, Eagan,

Minnesota 55122.

        Petitioner shall be referred to as "Lerbakken," Respondent shall be referred to as

"Foede," and Attorney Lien Complainant Sieloff and Associates, P.A. shall be referred to as

"Sieloff".

1

Based upon the arguments, all the files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1.   Sieloff was retained by Lerbakken while this matter was pending. Lerbakken signed a retainer agreement on September 5, 2014, obligating him to pay the costs of representation.

2.   The Judgment and Decree entered on August 8, 2017 provided for distribution of assets between the parties.

3.   Seiloff served notice of an attorney's lien upon Lerbakken on October 26, 2016. On September 15, 2017, Seiloff brought a motion to enforce the attorney's lien.

4.   There were no written responses or affidavits from either party, but the parties provided oral arguments at the October 16, 2017 hearing.

5.   Because of the lack of written response, the Court refused to hear Respondent's complaint of a procedural defect.

6.   Seiloff adequately proved reasonable fees incurred in representing Lerbakken in the amount of $25,730.40.

7.   Seiloff incurred reasonable fees in bringing this motion in the amount of $3,000.

8.   These fees remain unpaid, and Lerbakken owes Seiloff $28,730.40.

## ORDER

1.   That pursuant to Minn. Stat. §481.13(c), an attorney's lien is established for attorney's fees in the amount of $25,730.40 in favor of Sieloff and Associates, P.A. and against Lerbakken.

2.   That money judgment is ordered to be entered against Lerbakken, and in favor of Sieloff and Associates, P.A. in the amount of $25,730.40, as and for unpaid attorney's fees, plus

2

costs, disbursements and additional amounts due for collection of its fees and costs of

$3,000.00, for a total money judgment of $28,730.40, plus costs and disbursements.

     3.     That any monies or properties of Foede awarded to or payable to Lerbakken by

Foede pursuant to the Findings of Fact, Conclusions of Law, Order for Judgment and Judgment

and Decree filed 8/8/17 is assigned to Sieloff and shall be paid to Sieloff by Foede until such

time as Lerbakken's $28,730.40 debt to Sieloff is paid and fully satisfied.

     4.     That, to the extent that any amounts of Foede's property ordered to be paid or

transferred to Lerbakken are retirement plans for which QDROs or a similar order is required,

Sieloff may draft appropriate QDROs or other orders, to have the retirement plan assets

transferred pursuant to said orders to Lerbakken. Lerbakken shall be liable for any federal and

state income tax on said transfer or distribution. Lerbakken and Foede shall fully and promptly

comply and cooperate with Sieloff in the drafting, execution and implementation of said orders

and payment of the proceeds of said retirement plans to Sieloff (after taxes and any other

withholdings).

     5.     That the attorney's lien so established to Sieloff and Associates, P.A. is an

attorney's lien against (a) any and all monies, personal property and real property awarded to

Lerbakken as part of the property distribution awarded to him or (b) ordered to be paid by Foede

to Lerbakken for spousal maintenance or for any other reason in the above-captioned dissolution

proceeding.

3

## ORDER FOR JUDGMENT

LET JUDGMENT BE ENTERED FORTHWITH.

Dated this_____day of_____10/16/17_____2017.

BY THE COURT:

_____

Gary Larson
Judge of District Court

## JUDGMENT

I hereby certify that the above Order constitutes the Judgment of the Court.

DISTRICT COURT ADMINISTRATOR:

Dated: _____

By: _____     Ostern, Nicole
                                       Oct 16 2017 3:32 PM

Deputy Clerk

4

Electronically Served
10/16/2017 3:39 PM
Lake County, MN

| State of Minnesota | District Court |
| Lake County | Sixth Judicial District |
| | Court File Number: **38-FA-14-379** |
| | Case Type: Dissolution with Child |

MATTHEW HENRY BEAUMIER
GERLACH BEAUMIER & TROGDON
ATTORNEYS AT LAW LLP
227 W 1ST ST SUITE 610
DULUTH MN 55802

**Notice of:**

| X | **Filing of Order** |
| X | **Entry of Judgment** |
|   | **Docketing of Judgment** |

In the Marriage of Brian Allan Lerbakken and Paula Jean Foede

You are hereby notified that the following occurred regarding the above-entitled matter:

| X | An Order Establishing and Enforcing Attorney's Lien was filed on October 16, 2017. |
| X | Judgment was entered on October 16, 2017. |
|   | You are notified that judgment was docketed on at in the amount of $. Costs and interest will accrue on this amount from the date of entry until the judgment is satisfied in full. |

Dated: October 16, 2017

Amy Turnquist
Court Administrator
Lake County District Court
601 Third Avenue
Two Harbors MN 55616
(218) 834-8330

cc:   Brian Allan Lerbakken
       RONALD B SIELOFF

A true and correct copy of this notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Brian A. Lerbakken** | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF MINNESOTA | | | |
| Case number | | | | |
| (if known) | | | | |

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                        4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

## Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ **You are claiming state and federal nonbankruptcy exemptions.** 11 U.S.C. § 522(b)(3)

   ☐ **You are claiming federal exemptions.** 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **Homestead legally described as:**<br>**South 400 feet of the East 200 feet of**<br>**the SW 1/4 of the SE 1/4, Section 19,**<br>**Township 53 N, Range 10 West,**<br>**Lake County, MN**<br>Line from *Schedule A/B*: **1.1** | $120,000.00 | ■<br>☐ | $120,000.00<br>100% of fair market value, up to any applicable statutory limit | **Minn. Stat. §§ 510.01, 510.02** |
| **2006 Victory Hammer motor cycle**<br>**miles**<br>Line from *Schedule A/B*: **3.1** | $3,500.00 | ■<br>☐ | $3,500.00<br>100% of fair market value, up to any applicable statutory limit | **Minn. Stat. § 550.37 subd. 12a** |
| **HHGs**<br>Line from *Schedule A/B*: **6.1** | $4,000.00 | ■<br>☐ | $4,000.00<br>100% of fair market value, up to any applicable statutory limit | **Minn. Stat. § 550.37 subd. 4(a)** |
| **wearing apparel**<br>Line from *Schedule A/B*: **11.1** | $500.00 | ■<br>☐ | $500.00<br>100% of fair market value, up to any applicable statutory limit | **Minn. Stat. § 550.37 subd. 4(a)** |
| **checking and savings: Wells Fargo**<br>**(Social security)**<br>Line from *Schedule A/B*: **17.1** | $400.00 | ■<br>☐ | $400.00<br>100% of fair market value, up to any applicable statut | **42 U.S.C. § 407** |

EXHIBIT

H

Debtor 1    **Brian A. Lerbakken**                                                                      Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **401(k): Wells Fargo**<br>Line from *Schedule A/B*: **21.1** | $19,281.45 | ■ | $19,281.45 | **11 U.S.C. § 522(b)(3)(C)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **IRA: IRA**<br>Line from *Schedule A/B*: **21.2** | $2,650.00 | ■ | $2,650.00 | **11 U.S.C. § 522(b)(3)(C)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **preferential garnishment by Sieloff and Associates**<br>Line from *Schedule A/B*: **34.1** | $1,800.00 | ■ | $1,800.00 | **Minn. Stat. § 550.37 subd. 13** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                          Chapter 7
                                                BKY Case No. 18-50037
Brian A. Lerbakken,

              Debtor.

---

### UNSWORN CERTIFICATE OF SERVICE

---

I hereby certify that on March 28, 2018, I caused the following documents:

1.   *Motion of Sieloff & Associates, P.A. Objecting to Debtor's Claim of Exempt Property;*
2.   *Memorandum in Support of Motion;*
3.   *Affidavit of Ronald B. Sieoff;*
4.   *Order (proposed).*

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the ECF participants.

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following non-ECF participants:

Brian A. Lerbakken
1431 Press Camp Road
Two Harbors, MN  55616

Dated:  March 28, 2018                        /e/ Luann K. Tims_____
                                              100 South Fifth Street, Suite 2500
                                              Minneapolis, MN  55402
                                              612-332-1030

{00697502.1 }

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

                                                                    Bky. No. 18-50037

Brian A. Lerbakken,

                                                                        Chapter 7

        Debtor.

---

## ORDER

---

This case came before the court on the motion of Sieloff and Associates, P.A., objecting to the debtor's claim of exempt property in a 401K account with Wells Fargo and in the IRA account.

Based upon the objection, the files and proceedings,

**IT IS ORDERED:**

1.  The motion of Sieloff and Associates, P.A. objecting to the debtor's claim of exempt property is sustained.

2.  The debtor's claim of exemptions in the 401K account with Wells Fargo and in the IRA account is denied.


Dated: _____          _____
                                     United States Bankruptcy Judge