UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

In Re:  Brian A. Lerbakken,                                  Bankruptcy Case No.: 18-50037
                                                                              Chapter 7
        Debtor.

**DEBTOR'S RESPONSE TO OBJECTIONS TO EXEMPTIONS**

Debtor Brian A. Lerbakken ("Debtor") submits this response to the objections of Sieloff and Associates, P.A. ("Sieloff") to Debtor's claims of exemption.

1. The Debtor submits this response in opposition to the motion.

2. The funds awarded to Debtor are still being held by the plan administrators for both accounts.

3. The Debtor has no other retirement plan and intends to keep the funds until retirement.

4. The Debtor severely injured his back in a work injury and is unable to return to work. He currently receives social security disability and spousal maintenance.

5. The debtor does not agree with paragraph 10 of the motion that the equity balancing payment was to be paid to Sieloff's trust account to enable Sieloff to pay himself.

6. In the event testimony is taken, the Debtor will testify at the hearing.

**WHEREFORE**, the Debtor requests that the court enter an order denying the motion.

Dated this 9th day of May 2018.

/s/ John F. Hedtke
John F. Hedtke, #167666
Attorney for Debtor
1217 East First Street
Duluth, Minnesota 55805
218/728-1993

1

## VERIFICATION

I, the debtor above named, under penalty of perjury, state that the response to the motion objecting to exemptions is true and correct as to the best information and knowledge of your Verifier.

Dated: 5-9-2018

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

In Re: Brian A. Lerbakken,

Debtor.                                    Bankruptcy Case No. 18-50037

---

## MEMORANDUM OF FACTS AND LAW

### STATEMENT OF FACTS

The facts supporting Debtor's opposition to this motion are set out in the Verified Response filed with this Memorandum. Sieloff and Associates, P.A. ("Sieloff") argues that the Debtor cannot exempt the ERISA Qualified 401K proceeds or the IRA proceeds awarded to him in his marital dissolution action because it has a perfected attorney's lien against those interests. Moreover, that the claimed exemption of the funds under 11 U.S.C. §522 (b)(3)(C) is prohibited by the holding in *Clark v. Raemeker*, 134 S.Ct. 2242 (2014).

### LAW AND ARGUMENT

The legal analysis is different for each of the two retirement funds, but the conclusion is the same. The exemptions should be allowed.

A. **ERISA Qualified 401K Proceeds**

Debtor exempted the 401K benefits under §522 (b)(3)(C) as retirement benefits. This exemption is perhaps legally unnecessary because these funds are excluded from the bankruptcy estate under Section 541(c)(2) of the Bankruptcy Code. There is no question here that the 401K funds are covered under ERISA. As such, the law is well settled that the

3

ERISA's anti-alienation provision "constitutes an enforceable transfer restriction for purposes of §541(C)(2)'s exclusion of property from the bankruptcy estate." *Patterson v. Schumate,* 504 U.S.753, 760, 112 S.C.t. 2242.

It is also fully settled that the anti-alienation provision extends to the receiving spouse. This was the issue in *In re Nelson*, 322 F.3d 541 (8th Cir. 2003) where the lump-sum distribution owed to the debtor from his ex-spouse was still being held by the plan. The court ruled that the debtor had a direct interest in the funds and received the same beneficial interests as the plan participant including the right to exclude it from the bankruptcy estate, *Id.* at 544.

As stated earlier, since the 401k benefits are excluded from the bankruptcy estate, it may be superfluous to also exempt them. Debtor took the exemption for the 401K funds out of precaution and to address Sieloff's assertion that its lien is enforceable against these funds. This issue be addressed below.

In the discussion below, it is contended that the 401K is exempt under §522(b)(3)(C) for the same reasons that the IRA funds are exempt.

B. IRA PROCEEDS

Retirement funds are exempt from the bankruptcy estate under §522(b)(3)(C) to the extent that those funds are in a fund or account that is exempt from taxation under section 401... and ...408... of the Internal Revenue Code. *In re Miller*, 778 F.3d 711, 713 (2015). Section 408 of the Internal Revenue Code provides that IRA assets are exempt from taxation and, therefore, they are qualified retirement plans. *26 U.S.C. §408(a), (b), (e)(1). §408(d)(6)* provides that an interest in an IRA transferred from a former spouse incident to a divorce is to be treated as the individual retirement account of such receiving spouse.

4

Since both IRA and 401K funds are qualified retirement plans for tax purposes, both are exempt under §522(b)(3)(C).

Sieloff's argument that the holding in *Clark v. Raemeker*, 134 S.Ct. 2242 (2014) precludes the exemption is flawed and completely mistaken. *Clark* had nothing to do with the issues involved here. The issue in *Clark* was solely whether an inherited IRA could be claimed exempt under §522(b)(3)(C). *Clark* had nothing whatsoever to do with interests in 401k's or IRA's derived from a divorce proceeding. Debtor concedes that he could not exempt these funds if he had inherited them. Fortunately, he hadn't.

The holding in *In re Anderson*, 269 B.R. 27 (Bankr. D. Minn. 2001) is also distinguishable. The debtor in *Anderson* attempted to exempt an IRA interest received through divorce under the Minnesota exemption *M.S.A §550.37, subd. 24(a)*. The court held that in order to be exempt under Minnesota law, the funds must have been derived from the debtor's own employment. *Anderson* at 32. Because the Debtor here exempted the funds under §522(b)(3)(C) *Anderson* is not applicable and the funds are exempt.

### C. ENFORCEMENT OF THE LIEN

Sieloff contends that its lien is enforceable against the funds. If so, why then does it care whether the funds are exempt or not? Whether an asset is exempt or not does not affect the validity of a creditor's lien. Why then does Sieloff protest? Perhaps it has to do with the fact that an attorney's lien does not attach to exempt assets without an express waiver of exemption.

In Minnesota, an attorney's lien is not enforceable against an exempt asset in the absence of an unequivocal intention to waive such exemption. *Argonaut Insurance Co. v.*

5

*Cooper,* 261 N.W.2d 743, 744 (Minn. 1978). Here, Debtor made no such waiver. This issue arises most frequently in the context of a party's homestead. *See eg. Matter of Guardianship of Huesman,* 381 N.W. 2d 73 (Minn. 1986). *Northwestern National Bank of South St. Paul v. Kroll,* 306 N.W. 2d 104 (Minn. 1981) (an attorney's lien cannot attach to exempt property).

The Supreme Court of North Dakota specifically addressed the issue of the enforcement of an attorney's lien against an IRA in *Chapman v. Wells,* 557 N.W. 2nd 725 (N.D. 1996). That case originated in state court and afterwards Ms. Wells filed Chapter 7 bankruptcy. The bankruptcy court concluded that the lien would not affect the IRA because it was claimed as exempt. *Id.* at 728. Chapman moved for and obtained relief from the automatic stay and continued with the case in state court.

The *Chapman* court distinguished the difference between a consensual lien where the lien is allowed by the debtor to attach to the asset and one like this that arises out of the law. Like here, there was no express agreement between the lawyer and client. The court therefore concluded that the lien did not attach to the IRA. *Id.* at 731.

**WHEREFORE,** the Debtor requests that the court enter an order denying the motion.

Dated this 10th day of May 2018.

/s/ John F. Hedtke
John F. Hedtke, #167666
Attorney for Debtor
1217 East First Street
Duluth, Minnesota 55805
218/728-1993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Brian A. Lerbakken

Debtor.

Bankruptcy Case No.: 18-50037

**UNSWORN DECLARATION OF SERVICE**

I, John F. Hedtke, state and depose that on the 10th day of May 2018, I served a copy of Defendant's Response and Memorandum by first-class mail, postage pre-paid at Duluth, Minnesota, upon the following:

Leonard, O'Brien
Andrea M. Hauser
100 South 5th Street
Suite 2500
Minneapolis, MN 55402


US Trustee by EFC


Nauni Manty, Trustee by EFC


/s/ John F. Hedtke
John F. Hedtke
Hedtke Law Office
1217 East First Street
Duluth MN 55805
218/728-1993

1